PER CURIAM.
 

 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.
 
 See
 
 Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The cause is therefore ordered submitted without oral argument.
 

 This is an appeal from an order of the district court, 58 B.R. 136, affirming the bankruptcy court’s decision that appellant’s $65,000 obligation arising from a divorce settlement was in the nature of alimony and support and thus nondischargeable in bankruptcy.
 

 The record reflects that Philip Kelley Goin and Donna Jo Goin were divorced in December, 1978. The final decree incorporated the parties’ agreement about property and financial matters and provided that the appellant pay appellee the sum of $80,-000 in $5,000 increments annually until the entire sum was paid. The decree indicated that the $80,000 represented appellee’s one-half interest in certain real estate and stock. The decree also provided that appellant pay $350 per month child support. Appellant made three payments totaling $15,-000. In June, 1982, he filed a voluntary petition for relief under Chapter 7. Appel-lee filed her proof of claim on July 28, 1982, for the remaining $65,000. Appellant received a general discharge in November, 1982, and subsequently filed a complaint in bankruptcy court to determine the dis-chargeability of the $65,000. After a hearing, the bankruptcy court determined that the initial $80,000 settlement was in the nature of alimony and support and therefore nondischargeable. The district court affirmed, and this appeal followed.
 

 Appellant contends that the $80,000 was a property settlement and therefore dis-chargeable in bankruptcy. He further argues that the findings of the bankruptcy court are clearly erroneous. The key issue is whether the $80,000 was alimony or a property settlement, since the express language of 11 U.S.C. § 523(a)(5) prohibits the discharge of an obligation for alimony or support.
 

 Generally, the determination of whether an obligation arising out of a divorce settlement is support is a matter of federal law, not state law.
 
 In re Long,
 
 794 F.2d 928 (4th Cir.1986). Although state court decisions are to be regarded with deference, “bankruptcy courts are not bound by state laws that define an item as maintenance or property settlement, nor are they bound to accept a divorce decree’s characterization of an award as maintenance or a property settlement.”
 
 In re Williams,
 
 703 F.2d 1055, 1057 (8th Cir. 1983).
 

 Federal courts have held that a bankruptcy court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation.
 
 Shaver v. Shaver,
 
 736 F.2d 1314 (9th Cir.1984). Several factors are pertinent to the bankruptcy court’s determination of whether the debt is support: (1) if the agreement fails to provide explicitly for spousal support, the court may presume that the property settlement is intended for support if it appears under the circumstances that the spouse needs support; (2) when there are minor children and an imbalance of income, the payments are likely to
 
 *1393
 
 be in the nature of support; (3) support or maintenance is indicated when the payments are made directly to the recipient and are paid in installments over a substantial period of time; and (4) an obligation that terminates on remarriage or death is indicative of an agreement for support.
 
 Shaver v. Shaver,
 
 736 F.2d at 1316.
 

 In this case, the bankruptcy court found evidence in support of all but the last of these, ie., that the parties were married thirteen years; the wife worked part time as a beauty operator; all real and personal property was jointly owned; there were three children of the marriage; and the $350 a month child support payments were not sufficient to provide the spouse and children with the standard of living to which they had grown accustomed. Based on these specific findings, the bankruptcy court determined that the parties intended that the $80,000 was in the nature of alimony and maintenance and therefore nondis-chargeable.
 

 The bankruptcy court’s findings concerning the nature of the obligation can be set aside, by the district court or the appellate court, only if they are clearly erroneous.
 
 Draper v. Draper,
 
 790 F.2d 52 (8th Cir.1986). This court has held that “[t]he bankruptcy court’s findings should not be disturbed absent the ‘most cogent reasons in the record.’ ”
 
 In re Reid,
 
 757 F.2d 230, 233-34 (10th Cir.1985) (quoting
 
 Kansas Federal Credit Union v. Niemeier,
 
 227 F.2d 287, 291 (10th Cir.1955)). In particular, “[w]hen the record is examined in light of the appropriately deferential standard, it is apparent that it contains nothing that mandates a finding that the [bankruptcy court’s] conclusion was clearly erroneous.”
 
 See Anderson v. Bessemer City,
 
 470 U.S. 564, 577, 105 S.Ct. 1504, 1513, 84 L.Ed.2d 518 (1985).
 

 We conclude that the bankruptcy court’s perception of the evidence is reasonable in light of the record.
 
 In re Branding Iron Motel, Inc.,
 
 798 F.2d 396 (10th Cir. 1986). Accordingly, the judgment of the United States District Court for the District of Kansas is AFFIRMED.
 

 The mandate shall issue forthwith.