In re Harold Wayne FOSS, Debtor.

Betty Lou FOSS, Plaintiff,

v.

Harold Wayne FOSS, Defendant.

Civ. A. No. 88–1005–K.

United States District Court,
D. Kansas.

June 29, 1988.

Keith D. Richey, Wichita, Kan., for plaintiff.

Robert Cornwell, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

This is an appeal of the bankruptcy court's order that monthly payments from one former spouse to another labeled "alimony" in the divorce settlement are alimony and thus not dischargeable under 11 U.S.C. § 523(a)(5). Having found the payments nondischargeable as alimony, the bankruptcy court refused to hear testimony regarding the present changed circumstances of the parties. The bankruptcy court is affirmed because its finding of fact that the agreement in question was alimony is not clearly erroneous.

The Fosses were married from 1959 to 1983. They had no minor children at the time of divorce. The divorce settlement gave Mr. Foss property valued at $345,-000.00, while Mrs. Foss received property valued at $197,000.00 along with "alimony" payments of $1,250.00 per month for 121 months, subject to termination at death or remarriage. At the time of the divorce, Mr. Foss' yearly income was about $98,-000.00, while Mrs. Foss' income was about $15,000.00.

Mr. Foss alleges that this "alimony" arrangement was a disguised property settlement entered into primarily for tax purposes. He argues that parol evidence would indicate that Mrs. Foss is financially secure, has no need of this "alimony" for her own support, and instead gives the money to the couple's children.

Mr. Foss made payments until he lost his job in February, 1986. In March, 1986 he requested the Sedgwick County District Court terminate his "alimony" obligation. The state court denied his motion, holding instead that the original agreement was "valid, just and equitable."

Mr. Foss filed for Chapter 7 bankruptcy on September 22, 1986. He sought to avoid the monthly payments to Mrs. Foss as a dischargeable debt under 11 U.S.C. § 522(f)(1).

Mrs. Foss filed a complaint on October 27, 1986, alleging that the monthly payment agreement, as alimony, was not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(5), which prohibits the discharge of an obligation for alimony or support. The bankruptcy court found for Mrs. Foss, and Mr. Foss appeals.

■ Mr. Foss, the debtor, correctly asserts that the March 31, 1986 denial of termination of alimony payments by the Sedgwick County District Court is not *res judicata* to the determination whether the debtor may be discharged on these payments in a subsequent bankruptcy filing. Although federal and state courts have concurrent jurisdiction to determine dischargeability of obligations arising from divorce, *see, e.g., Goss v. Goss,* 722 F.2d 599, 603 (10th Cir.1983), this issue was not litigated in the Sedgwick County motion

filed before the debtor filed for bankruptcy.

Since the state court findings are not *res judicata,* the court must determine whether the bankruptcy court erred in finding that the debtor's monthly payments were alimony. In reviewing the decision of the bankruptcy court, findings of fact will be set aside only if clearly erroneous, while findings of law may be viewed *"de novo." In re Branding Iron Motel, Inc.,* 798 F.2d 396, 399 (10th Cir.1986).

■ For the reasons discussed below, the court finds the bankruptcy court below erred in its application of the law by stating that "[a]bsent a clear ambiguity in the document, the court should not consider extrinsic evidence as to the intent of the parties." *Foss v. Foss,* No. 86–0738, slip op. at 8 (Bankr.D.Kan. Dec. 28, 1987). However, because the bankruptcy court did admit the parties' evidence as to their intent at the time of their agreement, *id.* at 2–3, and did not commit any clear error in its finding of fact, its decision is affirmed.

The broadest standard for review and characterization of spousal payment obligations in bankruptcy for the Tenth Circuit is established in *In re Goin,* 808 F.2d 1391 (10th Cir.1987). In *Goin,* the circuit affirmed both the bankruptcy court and the district court in finding that an $80,000.00 sum which was to be paid in $5,000.00 yearly installments was alimony rather than a property settlement. In making this determination, the court stressed that the characterization of such agreements was a matter of federal, rather than state, law, although state court decisions should be regarded with deference. *Id.* at 1392. Here, the bankruptcy court departed from this standard by stating that:

> The [bankruptcy] Court is of the opinion that domestic matters are best left to the state court which deals with them virtually on a daily basis and that the law should be, that absent a patent ambiguity in the documents purporting to reflect the proceedings and agreements in the divorce court, the Court may not go behind these documents.... Generally, but not always, the parties in a divorce

> proceeding are represented by counsel who are in a much better position to ascertain and document the intent of the parties than a bankruptcy court viewing the often conflicting statements after financial adversity has altered the Weltanschaung [sic] of the parties.

*Foss v. Foss,* No. 86–0738, slip op. at 1–2. The bankruptcy court seems unwilling to concede that the Weltanschauung of the Tenth Circuit in regard to characterization of spousal obligations has changed in view of *Goin.*

■ The *Goin* court states that under federal law "the court must look beyond the language of the decree and to the substance of the obligation." *Goin,* 808 F.2d at 1392. To do so, the court should examine several pertinent factors:

> (1) if the agreement fails to provide explicitly for spousal support, the court may presume that the property settlement is intended for support if it appears under the circumstances that the spouse needs support; (2) where there are minor children and an imbalance of income, the payments are likely to be in the nature of support; (3) support or maintenance is indicated when the payments are made directly to the recipient and are paid in installments over a substantial period of time; and (4) an obligation that terminates on remarriage or death is indicative of an agreement for support.

*Id.* at 1392–93 (citing *Shaver v. Shaver,* 736 F.2d 1314, 1316 (9th Cir.1984)). In *Goin,* the court's examination of the circumstances of the parties at the time of the agreement found all elements but the fourth were present. *Id.* at 1393. Hence, the circuit court concluded that the bankruptcy court's findings were reasonable. *Id.*

Under *Goin,* the Foss agreement must be similarly examined. The Foss agreement clearly fulfills factor 3 by being payable in installments over a significant length of time, and fulfills factor 4 by being terminable at remarriage or death. Although the first prong of factor 2, minor children, is not present here since the Foss children are grown, the second prong, an imbalance of income between the parties,

**170**

was definitely present at the time of the agreement. The debtor contends that factor 1 is not fulfilled because there was no need for support. However, a careful reading of factor 1 indicates that further inquiry into need is only necessary if there is no explicit support agreement. Here, the explicit Foss alimony agreement makes inquiry into need unnecessary.

Thus, like the *Goin* court, this court finds that the absence of only one of the pertinent factors which indicate an agreement is support establishes that the bankruptcy court's finding that the Foss agreement is alimony is not clearly erroneous.

■ A less broad standard for review and characterization of spousal payment obligations in bankruptcy was utilized by the Tenth Circuit in *In re Yeates*, 807 F.2d 874 (10th Cir.1986). The *Yeates* court found an ambiguous written obligation agreement to be alimony, but noted that a clear written agreement would have been persuasive as to its nature. *Id.* at 878. Thus, the older *Yeates* decision would support the proposition that written agreements are persuasive unless ambiguous. Under the *Yeates* standard, the Foss agreement is alimony because it is unambiguously labeled as such. The bankruptcy court's requirement that spousal obligation documents be ambiguous before extrinsic evidence be considered follows *Yeates*, but is erroneous in view of *Goin*. The bankruptcy court, however, admitted all the parties' evidence of intent at the time of the agreement and then reached the same factual finding as it would had it correctly applied the test in *Goin:* the Foss agreement is alimony.

■ Finally, the debtor's objections to the bankruptcy court's refusal to hear evidence of changed circumstances of the parties is irrelevant since the court's proper inquiry is the parties' intent at the time of the formation of the agreement.

IT IS ACCORDINGLY ORDERED that the bankruptcy court's order be affirmed.