**Wendell Reginald SYLVESTER, Plaintiff–Appellant,**

v.

**Jane Lee SYLVESTER; Sylvia Marks–Barnett & Associates, Defendants–Appellees.**

No. 87–1791.

United States Court of Appeals, Tenth Circuit.

Jan. 17, 1989.

Kenneth G. Mayfield, Oklahoma City, Okl., for plaintiff-appellant.

Sylvia Marks–Barnett and · Barton S. Levy of Sylvia Marks–Barnett & Associates, Oklahoma City, Okl., for defendants-appellees.

Before MOORE, BRORBY and EBEL, Circuit Judges.

PER CURIAM.

This is an appeal from an order by the United States District Court for the Western District of Oklahoma affirming a bankruptcy court's decision holding that certain obligations owed by appellant to his former spouse pursuant to a divorce settlement are in the nature of alimony, maintenance, or support and thus are nondischargeable under 11 U.S.C. § 523(a)(5).[1] Appellant argues that (1) the obligations are part of a property settlement rather than support or alimony and thus are not covered by § 523(a)(5), and (2) even if the obligations are in the nature of support or alimony, the district court should have considered his former spouse's present need for support in determining dischargeability. For the reasons set forth below, we affirm the district court.

In January 1969, after seventeen years of marriage, appellant Wendell Sylvester and appellee Jane Sylvester obtained a divorce in Texas. The divorce decree incorporated a settlement agreement which provides in relevant part that, in recognition of the medical education and training of appellant acquired in large part through the earnings of his former wife and contributions by her parents, appellant agrees to meet a number of obligations: to pay his former wife $750.00 per month until their minor child reaches the age of 18; to pay his former wife $1,000 per month thereafter until his former wife remarries or either appellant or his former wife dies; to pay the taxes, insurance premiums, and note payments on the real property awarded to his former wife when the payments become due; to pay the premiums on the life insurance policies awarded to his former wife; to pay the college expenses of the minor child; and to pay for all indebtedness incurred by the parties before the divorce.

In July 1984, appellant filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Thereafter, his former wife sought to enforce the settlement agreement through a state contempt proceeding. Appellant subsequently filed a complaint in the bankruptcy court against his ex-wife and her attorney to determine the dischargeability of the debt obligations arising from the divorce decree and to enjoin the defendants from proceeding with a state court contempt citation brought to enforce the decree. The bankruptcy court found that appellant's obligations in the settlement agreement were in the nature of alimony, maintenance, or support and thus were nondischargeable under 11 U.S.C. § 523(a)(5). Appellant appealed the bankruptcy court's decision to the district court, arguing that his obligations were part of a property settlement and not in the nature of alimony or support and that the bankruptcy court erred in failing to consider the changed circumstances of his ex-wife in determining dischargeability. The district court affirmed the bankruptcy court's decision.

## I.

### The Nature of the Obligations

Although the Bankruptcy Code allows individual debtors to discharge most debts in bankruptcy in order to allow those debtors to obtain a "fresh start," a specific exception to dischargeability exists for debts "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record ... but not to the extent that ... such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support." 11 U.S.C. § 523(a)(5).

Appellant argues that the settlement agreement at issue is actually a "property settlement" rather than alimony,

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8. Therefore, the cause is ordered submitted without oral argument.

maintenance, or support, and thus his obligations in the agreement are dischargeable in bankruptcy. While it is true that the divorce decree refers to the settlement agreement as a "property settlement," that label does not resolve the issue. The determination of whether an obligation arising out of a divorce settlement is in the nature of alimony, maintenance, or support is a matter of federal bankruptcy law. *In re Goin*, 808 F.2d 1391, 1392 (10th Cir.1987). In determining dischargeability under § 523(a), the initial inquiry is the intent of the parties at the time they entered into their agreement. *In re Yeates*, 807 F.2d 874, 878 (10th Cir.1986).

Here, several facts demonstrate that the obligations imposed on appellant in the settlement agreement were intended to be in the nature of alimony, maintenance, or support: the settlement agreement segregates the property settlement provisions from appellant's obligations, *see Yeates*, 807 F.2d at 879; the agreement states that the obligations imposed upon appellant are in consideration of appellee "relinquishing any rights that she might have against [appellant] for support," *see id.;* the parties had a minor child at the time of the divorce and appellant had substantially more income that appellee, *see Goin*, 808 F.2d at 1392–93; the agreement provides that appellant is to make payments directly to appellee over a substantial period of time, *see id.* at 1393; and the obligation to make monthly payments to appellee terminates on remarriage or death, *see id.* Additionally, as the district court found, "[t]he provisions in the agreement in dispute had the actual effect of providing support to the appellee—enabling her to maintain a home ... and have a monthly income." (April 27, 1987 Order.) In light of those facts, we agree with the bankruptcy court and the district court that appellant's obligations are covered by § 523(a)(5) and therefore are not dischargeable in bankruptcy.

## II.

### *Relevance of Present Need or Changed Circumstances*

Appellant's next argument is that even if the obligations at issue are in the nature of alimony, maintenance, or support, the bankruptcy court erred in not conducting an evidentiary hearing to determine his ex-wife's present need for support, citing *In re Calhoun*, 715 F.2d 1103, 1109 (6th Cir.1983). In *Calhoun* the Sixth Circuit held that after determining that the parties to a divorce intended to create an obligation for support, the next inquiry is whether the obligation "has the *effect* of providing the support necessary to ensure that the daily needs of the former spouse and any children of the marriage are satisfied." *Id.* at 1109. In conducting this analysis, the bankruptcy court should "look to the practical effect of the discharge" of the obligation "upon the dependent spouse's ability to sustain daily needs.... If the [obligation] is not found necessary to provide such support, the inquiry ends and the debtor's obligation ... must be discharged." *Id. See also, e.g., In re Warner*, 5 B.R. 434, 442–43 (Bankr.D.Utah 1980).

Although *Calhoun* supports appellant's argument, it is a minority approach which we decline to follow. A requirement that the former spouse's present need for support or changed circumstances be analyzed in determining dischargeability finds no support in either the language or the legislative history of § 523(a)(5). *See In re Harrell*, 754 F.2d 902, 906–07 (11th Cir. 1985). Furthermore, as the court in *Calhoun* recognized, such an inquiry would put federal courts in the position of modifying state matrimonial decrees. *Calhoun*, 715 F.2d at 1109 n. 10. We decline to make such an intrusion into the area of domestic relations absent a clearer congressional mandate to do so. Therefore, we join the other circuits that have rejected the approach of the Sixth Circuit in *Calhoun*. *E.g., Forsdick v. Turgeon*, 812 F.2d 801, 804 (2d Cir.1987); *Draper v. Draper*, 790 F.2d 52, 54 n. 3 (8th Cir.1986); *In re Harrell*, 754 F.2d 902, 907 (11th Cir.1985).

Accordingly, the district court's affirmance of the bankruptcy court is AFFIRMED.