**Leonard (NMN) LOVE, Sr.,**
**Plaintiff/Appellee/Cross–Appellant,**

v.

**Bessie Mae LOVE,**
**Defendant/Appellant/Cross–Appellee.**

Nos. 89–4145–S, 89–4139–S.

Adv. No. 87–0040.

United States District Court,
D. Kansas.

June 22, 1990.

Alan L. Tipton, HAMILTON, PETERSON, TIPTON & KEESHAN, Topeka, Kan., for Leonard (NMN) Love, Sr.

Joel R. Hayes, Jr., Legal Aid Society of Topeka, Topeka, Kan., for Bessie Mae Love.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on cross-appeals of Leonard Love, Sr. and Bessie Mae Love from a May 25, 1989, order of the bankruptcy court determining that $285.00 per month—one-half of the monthly sum awarded in a divorce proceeding by a state district court to Ms. Love as "maintenance"—was nondischargeable under 11 U.S.C. § 523(a)(5). In his appeal, Mr. Love contends that the entire amount of the retirement pay awarded to Ms. Love is properly characterized as a division of property, and thus, dischargeable under 11 U.S.C. § 523(a)(5). In the alternative, Mr. Love argues that the court should find that a reduced amount—i.e., only $230—is nondischargeable debt. In her appeal, Ms. Love contends that the entire amount of the state district court's award to Ms. Love is in the nature of support or maintenance and should have been held nondischargeable.

This court finds that it has jurisdiction over this appeal under 28 U.S.C. § 158. Further, the standards of review which this court must employ on appeal are well-settled. The district court functions as an appellate court and is authorized to

affirm, reverse, or modify the bankruptcy court's ruling or to remand the case for further proceedings. Fed.R.Bankr.P. 8013. The district court may examine the bankruptcy court's conclusions of law *de novo*. *In re Mullet*, 817 F.2d 677, 679 (10th Cir. 1987). The bankruptcy court's findings of fact must be upheld unless they are clearly erroneous. *Id.* at 678. Specifically, the bankruptcy court's findings concerning whether an obligation is in the nature of support or in the nature of a property settlement can be set aside only if they are clearly erroneous. *In re Goin*, 808 F.2d 1391, 1393 (10th Cir.1987).

*Bankruptcy Court's Findings*

This court finds that the following findings of fact by the bankruptcy court, based on the parties' stipulated facts, are not clearly erroneous and will be considered by this court as true:

1. Plaintiff [Leonard Love] and defendant [Bessie Mae Love] were married on March 17, 1963 in Tampa, Florida and were divorced in the District Court of Geary County, Kansas on February 24, 1986. The court granted the decree of divorce on the basis of incompatibility. The marriage lasted 22 years and 11 months.

2. Five children were born to the parties: Jacqueline Iva Edem, born March 22, 1965; Leonard Love, Jr., born April 21, 1967; David Denard Love, born March 21, 1968; Edward Love, born December 31, 1969; and Craig Cornelius Love, born February 24, 1973. Two of the children had reached the age of majority at the time of the divorce, two who (sic) have since reached the age of majority, and one who will reach the age of majority on February 24, 1991.

3. The trial court found that defendant [Bessie Mae Love] worked during the parties' marriage to the extent that she could, given the conditions of being a military family and having minor children.

4. The defendant at the time of the divorce was working at Woolworths (sic) South Central Distribution Center. Plaintiff was a sergeant E–8 in the United States Army and was eligible to retire.

5. At the time of their divorce, Sergeant Love was 42 years of age and Mrs. Love was 41 years of age.

6. Sergeant Love was a high school graduate and Mrs. Love had one year of college. In addition, defendant had been trained as a physician's assistant in Florida; such training in Florida, however, does not by itself permit her to work in the same manner in Kansas.

7. The Honorable William D. Clement, Administrative District Judge in the District Court of Geary County, Kansas, was the judge presiding over the divorce case between the plaintiff and defendant.

8. The following statements regarding the parties' financial condition at the time of the divorce derive from the parties' Rule 164 statements, which are attached and labelled Exhibit 2 and 3. Rule No. 164 of the Supreme Court of the State of Kansas requires the parties to submit statements regarding their assets, liabilities, and proposals regarding the divisions of these assets and their liabilities. Such statements reflect the following:

a. Plaintiff's monthly income at the time of the divorce was $2,144.51 gross, $1,263.00 net. The amount was scheduled to be increased by $400.00 monthly, six weeks following the parties' divorce, due to the surrender of government quarters. The parties agreed that the defendant was earning $936.00 monthly gross and approximately $760.00 net.

b. Sergeant Love projected his post-divorce expenses to be approximately $790.00 monthly and his wife's expenses to be approximately $1,244.00 after her removal from government quarters. The defendant estimated her expenses after moving from government quarters to be $1,486.00.

c. The Court awarded most of the personal property to Mrs. Love. The value of the property awarded to her was estimated by plaintiff to be $11,685.00. Defendant did not estimate the value of the property. The property awarded to Ser-

geant Love was not valued, apparently because it was subject to a security interest on the part of Household Finance at the time of the divorce.

d. The entire indebtedness of the parties was allocated to Sergeant Love. That indebtedness totaled approximately $11,236.58.

9. The Court awarded Mrs. Love $500.00 child support monthly. At the time of the divorce, the parties had three minor children. One turned age 18 one month following the divorce decree and the Court indicated that no child support would be awarded for that child. Essentially, $250.00 was awarded per child per month.

10. The total of the defendant's income ($762) plus child support ($500) equalled $1,262.00 monthly; which amount approximately equalled Sgt. Love's estimate of the defendant's expenses and which was approximately $200.00 less than the defendant's estimate. The divorce decree made no provision for Mrs. Love's support with the exception of the one-half share of Mr. Love's retirement pay.

11. The Court in its decree of divorce awarded to defendant, as "maintenance", 50% of what the retirement benefits would be if, in fact, plaintiff had retired at the date of divorce. The first "maintenance", (sic) payment was to be due on March 1, 1988 and on the first day of each month thereafter for a total of 120 monthly payments. The maintenance was not to terminate upon remarriage and was subject to modification if the facts and circumstances warranted it. Maintenance is for 10 years. The maintenance was ordered to terminate upon the death of either party. Mrs. Love had no retirement benefits of her own.

12. As of February, 1986, plaintiff anticipated receiving retirement pay in the amount of $1,140.00; one-half of which would be $570.00, and, after withholding, would have equalled approximately $470.00 net monthly.

13. Judge Clement made his ruling after the case of *Grant v. Grant*, 9 Kan. App.2d 671; (sic) 675 [685] P.2d 327 (1984) was handed down. *Grant* held that military retirement pay does not have a present value which becomes part of the marital property divisible at divorce. 9 Kan.App.2d 671 (Syl. 5), 685 P.2d 327.

14. In discussing the division of property and mindful of *Grant*, Judge Clement stated that the "really serious issue" in the case was about *Grant*, what *Grant* suggests could have been done, and if *Grant* would have been handled in a different way. The Court also noted that it was tempted "to set it up so that" the appellate courts of Kansas would look at *Grant* again. However, the Court remarked that his responsibility was to follow the law.

15. Judge Clement also made the following comments:

I believe that since the fact of retirement is available to Sergeant Love at this time that it would be improper for this Court not to make an award of maintenance. So that there is no hiding behind any shadow I want to make clear in the record that I am specifically considering in setting maintenance—the fact that Sergeant Love could retire if he wanted to. Therefore, if I've made an error it'll be clear and easy to correct it." (sic)

... in this particular case it would, in fact, be error and unfair on my part not to recognize the entitlement of Mrs. Love to maintenance and I do recognize it in the amount of 50% of what the retirement would be if, in fact, it were effective as of February, 1986. That, of course, means that some research will be necessary on the parties' and counsels' part in order to arrive at the figure. The Court recognizes that in this case it would almost be impossible for this Court to deal with maintenance as of this particular moment in terms of payment because of what's already been argued to the Court about the availability of cash ...

Mrs. Love is going to have the responsibility of reestablishing herself and keeping her job and taking care of the other responsibilities she has.

[$500.00 child support monthly] may represent and probably does represent a slightly over allowance for what I would award considering the indebtedness of the parties and what they're looking forward to in their adjustment (unintelligible).

Obviously, maintenance should not go beyond the death of either party. I want to specifically note that I am not directing that [maintenance] will end, however, on remarriage.

Maintenance will be based on the pay as of the end of February, 1986.

Judge Clement also stated at page 6, line 8 that he delayed the payment of "maintenance" for two years so that Sgt. Love could have some time to pay the family's indebtedness.

16. Sgt. Love did not retire. He continues to serve in the United States Army.

*Bankruptcy Court's Conclusions of Law*

In its memorandum of decision, the bankruptcy court stated the following as its conclusions of law:

11 U.S.C. § 523(a)(5) excepts from discharge debts "to a spouse, former spouse, child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement...."

Mr. Love argues that the amount owed his former spouse which amount is derived from his military retirement pay but which the state court denominated as "maintenance" is actually dischargeable property division. Specifically, Mr. Love contends that the state court chose the label "maintenance" to circumvent the ruling of *Grant v. Grant,* 9 Kan.App.2d 671, 685 P.2d 327, *rev. denied,* —— Kan. —— (1984), which holds that military retirement pay is not marital property subject to division by the state court in a divorce proceeding. He also asserts that the state court's award is property division by its terms and conditions, which

are terms and conditions more typically associated with property settlements: (1) the two year delay in commencement of the payments; (2) the award of an unliquidated amount; (3) the termination upon death and not remarriage of the award; and (4) the omission of any findings of the amount needed for Mrs. Love's support.

The label placed upon an amount to be awarded in a decree of divorce is not the determinative factor. *Sylvester v. Sylvester,* 865 F.2d 1164 (10th Cir.1989). Rather, the determination of whether an obligation arising out of a divorce settlement is in the nature of alimony, maintenance or support is a matter of federal bankruptcy law. *In Re: Goin,* 808 F.2d 1391 (10th Cir.1987). In making that determination, the Court may consider many factors, including: the age of the parties, the length of the marriage, the lack of future earning capacity of the spouse, the termination of the award upon death or remarriage, the disparity of earning power, the lower educational level of the party receiving the award, the need for support and the parties' intent. *In Re: Lyons,* 82–40738, Adversary No. 83–0012 (Bankr.D.Kan. August 26, 1986) (Pusateri, J.). In particular, several factors have been identified as being pertinent to whether a sum is for support: (1) if the agreement fails to provide explicitly for spousal support, the Court may presume that the property settlement is intended for support if it appears under the circumstances that the spouse needs support; (2) when there are minor children and an imbalance of income, the payments are likely to be in the nature of support; (3) support or maintenance as indicated when the payments are made directly to the recipient and are paid in installments over substantial period of time; and (4) an obligation that terminates on remarriage or death is indicative of an agreement for support. *In Re: Goin,* 808 F.2d at 1392–93.

In this case, the Court is unsure of the import of the state court's remarks concerning *Grant v. Grant.* The Court

thinks it most likely that the state court believed Mrs. Love was entitled to some share of the retirement pay as her reward for having contributed to Mr. Love's career at the expense of her own. Further, it also was apparent that Mrs. Love could not support herself and in addition needed some support. The award could not have been intended to be all support, however, because the Court made no determination as to what Mrs. Love needed. On the other hand, based on his income, Mr. Love was unable to pay over half of his retirement pay to Mrs. Love as property division and pay child support and maintenance to Mrs. Love in addition. The only way Mr. Love could afford to make those payments was to retire, although federal law prohibited the state court from requiring him to retire. 10 U.S.C. § 1408(3)(c)(3). [bankr. court footnote 1: For that reason, this Court questions the validity of the state court order.]

The Court notes that one-half of the retirement pay, or $285.00 per month, coincided with the amount Mrs. Love needed to cover the shortfall between her expenses and income. In view of the clear need of Mrs. Love for some support, the Court concludes that one-half of the retirement pay is property division and one-half is support. See *In Re: Calhoun*, 92 B.R. 686 (Bankr.W.D.Tex.1987) (lump sum obligation apportioned between nondischargeable support and dischargeable property division). It is therefore determined that the sum of $285.00 per month be determined to be nondischargeable under 11 U.S.C. § 523(a)(5).

### Discussion

As stated above, the bankruptcy court's findings regarding the nature of an obligation, i.e., support or property settlement, cannot be set aside by this court unless they are clearly erroneous. *In re Goin*, 808 F.2d at 1393. The Tenth Circuit Court of Appeals has elaborated on the meaning of this standard of review as follows: "[t]he bankruptcy court's findings should not be disturbed absent the 'most cogent reasons in the record.'" *Id.* (citing *In re* *Reid*, 757 F.2d 230, 233–34 (10th Cir.1985) (quoting *Kansas Federal Credit Union v. Niemeier*, 227 F.2d 287, 291 (10th Cir. 1955)).

The court finds that the bankruptcy court's memorandum of decision in this matter correctly states the applicable law concerning the factors to be considered in determining whether an obligation is support, and thus, nondischargeable. These factors were set out in *In re Goin* as follows:

(1) if the agreement fails to provide explicitly for spousal support, the court may presume that the property settlement is intended for support if it appears under the circumstances that the spouse needs support;

(2) when there are minor children and an imbalance of income, the payments are likely to be in the nature of support;

(3) support or maintenance is indicated when the payments are made directly to the recipient and are paid in installments over a substantial period of time; and

(4) an obligation that terminates on remarriage or death is indicative of an agreement for support.

808 F.2d at 1393.

In his cross-appeal, Mr. Love contends that the bankruptcy court erred in finding that one-half of the monthly sum of $570.00 to be paid as "maintenance" under the parties' divorce decree was nondischargeable under 11 U.S.C. § 523(a)(5). Specifically, Mr. Love argues that the following factors weigh in favor of a finding that the entire amount of the award was dischargeable debt: the award to Ms. Love was not contingent on her remarriage (which would arguably affect her need for support); the award to Ms. Love was an unliquidated 50% of the amount Mr. Love would receive as retirement pay if he had retired in February 1986; although the divorce court stated that Ms. Love needed support, the divorce court did not make specific findings regarding the gap between Ms. Love's income and expenses; and Judge Clement's references to *Grant* give rise to the inference that the court

considered Mr. Love's retirement pay to be "property" which it intended to divide.

In her appeal, Ms. Love contends that the bankruptcy court erred in finding that one-half of the amount of the award to Ms. Love was dischargeable debt. Specifically, Ms. Love contends that the factors from *In re Goin* mandate a conclusion that the entire amount of the award is nondischargeable, including the state court's characterization of the award as "maintenance;" the installment nature of the payments; the award is to terminate upon death; the award is the only provision in the decree for Ms. Love's support; the award was subject to future modification for changing circumstances; Ms. Love's need for support; the parties had minor children and an imbalance of income between them; and that the parties had substantial indebtedness and very little property to divide.

Upon consideration of the record in this case in light of the applicable standard of review and the relevant law, the court finds that the bankruptcy court's decision must be affirmed. This court finds that Mr. Love's contention in his cross-appeal that the entire amount of the award to Ms. Love should have been held to be dischargeable is wholly without merit. With the exception that the award to Ms. Love was not to terminate upon remarriage, all of the other *In re Goin* factors favor a finding that the award was in the nature of support. The bankruptcy court also found that Ms. Love had a clear need for support, and this finding is supported by the record.

The bankruptcy court found that the entire award could not have been intended as support in part because the divorce court made no specific findings with regard to the amount Ms. Love in fact needed for her support. In its decision, the bankruptcy court specifically found that one-half of the award, i.e., $285.00, "coincided with the amount Mrs. Love needed to cover the shortfall between her expenses and income." Memorandum of Decision, at 10. With regard to the specific amount held to be nondischargeable as support (i.e., $285.00 per month), this court finds that

Mr. Love has not presented a sufficient basis for this court to decrease the nondischargeable amount of this support award to $230.00; thus, Mr. Love's alternative argument will also be rejected on this appeal.

Further, although the bankruptcy court, in this court's view, could reasonably have found the entire amount to have been nondischargeable as support, this court cannot say that the bankruptcy court's perception of the evidence and its ultimate finding that one-half of the award should be characterized as dischargeable property settlement is unreasonable or clearly erroneous in light of this record. *In re Goin*, 808 F.2d at 1393 (citing *In re Branding Iron Motel, Inc.*, 798 F.2d 396 (10th Cir.1986)). Thus, the court finds that the bankruptcy court's May 25, 1989 decision must be affirmed.

IT IS BY THE COURT THEREFORE ORDERED that the decision of the bankruptcy court is AFFIRMED.