937 F.2d 616
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
In re Leonard (NMN) LOVE, Sr., Debtor.
Bessie Mae LOVE, Appellant,
v.
Leonard (NMN) LOVE, Sr., Appellee.
 No. 90-3265.
 United States Court of Appeals, Tenth Circuit.
 July 1, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant appeals from the district court's order affirming the bankruptcy court's determination that one-half of the monthly payments which a state court ordered debtor to pay appellant, pursuant to a decree of divorce, was a debt dischargeable in bankruptcy. 11 U.S.C. Sec. 523(a) exempts from discharge debts
 
 
 3
 (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a ... divorce decree ..., but not to the extent that--
 
 
 4
 (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.
 
 
 5
 The bankruptcy court determined that one-half of the monthly payments, designated by the state court as maintenance, was actually a property settlement and, therefore, was not a debt exempted from discharge under section 523(a)(5)(B).
 
 
 6
 The issue presented on appeal is whether the bankruptcy court's determination was clearly erroneous. See Goin v. Rives (In re Goin), 808 F.2d 1391, 1393 (10th Cir.1987). Appellant bore the burden of establishing the nondischargeability of the debt. See Clark v. Clark (In re Clark), 105 Bankr. 753, 757-58 (Bankr.S.D.Ga.1989), aff'd, 113 Bankr. 797 (S.D.Ga.1990).
 
 
 7
 The question of whether an obligation established by a divorce decree is actually in the nature of support is a matter of federal, not state, law. Goin, 808 F.2d at 1392. In determining dischargeability under section 523(a)(5), federal courts must look beyond the divorce decree's characterization of the debt to the substance of the obligation, Goin, 808 F.2d at 1392, and the intent of the state court in ordering the payments, Terrell v. Terrell (In re Terrell), 114 Bankr. 907, 913 (Bankr.W.D.Ky.1989).
 
 
 8
 Several factors are pertinent to the bankruptcy court's determination of whether the debt is support: (1) if the [decree] fails to provide explicitly for spousal support, the court may presume that the property settlement is intended for support if it appears under the circumstances that the spouse needs support; (2) when there are minor children and an imbalance of income, the payments are likely to be in the nature of support; (3) support or maintenance is indicated when the payments are made directly to the recipient and are paid in installments over a substantial period of time; and (4) an obligation that terminates on remarriage or death is indicative of ... support.
 
 
 9
 Goin, 808 F.2d 1392-93. Review of the record indicates that the bankruptcy court's determination that only one-half of the monthly maintenance payments was actually in the nature of support was not clearly erroneous.
 
 
 10
 Appellant further asserts that the bankruptcy court erred in considering appellant's need for support. This court has held that, in determining the dischargeability of a divorce obligation under section 523(a)(5), federal courts should not consider the need of the recipient at the time of the bankruptcy proceeding. Sylvester v. Sylvester, 865 F.2d 1164, 1166 (10th Cir.1989).
 
 
 11
 A requirement that the former spouse's present need for support or changed circumstances be analyzed in determining dischargeability finds no support in either the language or the legislative history of Sec. 523(a)(5).... [S]uch an inquiry would put federal courts in the position of modifying state matrimonial decrees.... We decline to make such an intrusion into the area of domestic relations absent a clearer congressional mandate to do so.
 
 
 12
 Id.
 
 
 13
 In the instant case, however, the bankruptcy court did not evaluate appellant's need at the time of the bankruptcy proceeding, but rather considered the evidence of appellant's need for support at the time of the parties' divorce, in order to determine the intent of the state court in ordering the monthly maintenance payments. The bankruptcy court's inquiry was appropriate. See Stranathan v. Stowell, 15 Bankr. 223, 227 (Bankr.D.Neb.1981) ("consideration of the needs of the recipient spouse at the time of the divorce would be a major factor in determining whether an award was intended to be alimony, maintenance or support or something else").
 
 
 14
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3