**In re Victor William KEARNS, Jr. Debtor.**

**Victor William KEARNS, Jr. Plaintiff,**

v.

**Lynda J. LIEBNER and James S. Willis, Trustee, Defendants.**

Bankruptcy No. 91–21100–7.

Adv. No. 91–6079.

United States Bankruptcy Court, D. Kansas.

Jan. 21, 1992.

Victor William Kearns, Jr., Shawnee, Kan., for debtor/plaintiff.

Carl R. Clark, Overland Park, Kan., Trustee.

James R. Orr, Prairie Village, Kan., for defendants.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the January 8, 1992 hearing on Lynda J. Liebner's (hereinafter "defendant") motion for summary judgment. The motion arises out of the debtor/plaintiff's complaint to determine dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(5). The debtor/plaintiff, Victor William Kearns, Jr. (hereinafter "debtor") appeared pro se. Defendant appeared by and through her attorney, James Orr. The trustee, Carl R. Clark, appeared pro se. There were no other appearances.

## FINDINGS OF FACT

Based upon the pleadings and the record, this Court finds as follows:

1. That debtor and defendant were divorced pursuant to a Decree of Divorce entered on October 30, 1975 (hereinafter the "Decree").

2. That the parties entered into a separation agreement on September 9, 1975 (hereinafter the "Separation Agreement"), and the Decree approves and incorporates the Separation Agreement.

3. That the Separation Agreement provides in relevant part:

### I. CHILDREN

. . . .

2. *Support.* That husband shall pay to wife as and for the support and mainte-

nance of the parties' children the sum of $150.00 per child per month; that the said payments shall cease as to any given child upon the subject child first experiencing one of the following contingencies: (1) death, (2) marriage, (3) becoming self-supporting, (4) ceasing to live with wife, or (5) age 18, provided however, that the child support for Kelly Williams shall in any event continue until September 30, 1985.

. . . .

## II. ALIMONY

That husband shall pay to wife as and for the support and maintenance of wife the sum of $300.00 per month; that the said amount shall be increased by the same amount as the decrease in child support on the next subsequent month to the reduction of child support as scheduled in paragraph I.2. above; provided however, that on October 1, 1980, the alimony payment shall be reduced to $350.00 notwithstanding any of the above provisions to the contrary, and provided further, that the alimony shall terminate on September 30, 1985; that upon the death or remarriage of wife, the payments shall terminate irrespective of the time of the occurrence relative to the above schedule.

4. That on December 7, 1984, the District Court of Johnson County, Kansas Civil Court Department filed a Journal Entry which determined the amount of debtor's arrearage for child support and alimony. The Journal Entry calculates the judgment which accrued against the debtor for alimony and child support through August of 1984. The Journal Entry calculates the total amount accumulated as $43,950, then credits the amount with payments made by the debtor, leaving the total amount due for child support and alimony at $35,950.

5. That an Order Nunc Pro Tunc was entered on March 27, 1985, correcting certain clerical errors in the Journal Entry of December 7, 1984. Among the corrections made, the Order Nunc Pro Tunc provides that the total amount due for child support and alimony is $41,900, rather than $35,950

as provided in the original Journal Entry. The Journal Entry and Order Nunc Pro Tunc were affirmed by the Kansas Court of Appeals.

6. That on May 22, 1991, the debtor filed for relief under Chapter 7 of Title 11, United States Code.

7. That on June 24, 1991, debtor filed this Complaint to Determine Dischargeability. The Complaint prays for an order of the Court determining that all debts listed on the schedules filed by debtor owed to defendant which may be characterized as past-due child support and/or alimony, be discharged.

8. That on September 26, 1991, defendant filed a proof of claim in debtor's bankruptcy case.

9. That on November 20, 1991, defendant filed a motion for summary judgment. The motion came up for hearing on January 8, 1991, at which time the Court took the matter under advisement.

## CONCLUSIONS OF LAW

Rule 56 of the Federal Rules of Civil Procedure governs summary judgments, and is made applicable to bankruptcy adversary proceedings by Fed. R.Bankr.P. 7056. Rule 56 provides that the court must grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Fed. R.Bankr.P. 7056. "In determining whether any genuine issues of material fact exist, the record must be construed liberally in favor of the party opposing the summary judgment." *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir.1988) (citations omitted). However, conclusive allegations by the party opposing summary judgment are not sufficient to establish an issue of fact and defeat the motion. *Id.*

Pursuant to 11 U.S.C. § 523(a)(5), a debt to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connec-

tion with a separation agreement, divorce decree or other order of a court of record, is nondischargeable. "Generally, the determination of whether an obligation arising out of a divorce settlement is support is a matter of federal law, not state law." *In re Goin*, 808 F.2d 1391, 1392 (10th Cir. 1987) (citations omitted). Although state court decisions are to be regarded with deference, a bankruptcy court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation. *Id.*

The Court finds that the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits show that there is no genuine issue as to any material fact. *See* Rule 56(c) F.R.Civ.P. The Tenth Circuit has identified four factors which are pertinent to the bankruptcy court's determination of whether the debt is support: (1) if the agreement fails to provide explicitly for spousal support, the court may presume that the property settlement is intended for support if it appears under the circumstances that the spouse needs support; (2) when there are minor children and an imbalance of income, the payments are likely to be in the nature of support; (3) support or maintenance is indicated when the payments are made directly to the recipient and are paid in installments over a substantial period of time; and (4) an obligation that terminates on remarriage or death is indicative of an agreement for support. *In re Goin*, 808 F.2d at 1392–93.

In light of the pertinent factors established by the Tenth Circuit, debtor has failed to set forth specific facts showing that there is a genuine issue for trial. *See* Rule 56(e) F.R.Civ.P. The first factor deals with making a presumption that the property settlement is intended for support when the agreement fails to provide explicitly for spousal support. In the present case, the debt in question was explicitly denominated as support and maintenance. Likewise, the debtor has not set forth specific facts showing that there is an issue with regard to the presence of minor children or an imbalance of income. With re-

gard to the third and fourth factors, in the present case the obligations in question required payments to be made directly to the recipient in installments over a substantial period of time, and payments were to be terminated upon the remarriage or death of the wife. The Court finds that the obligations in question are in the nature of alimony and support, and are nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

The Court recognizes that the factors set forth in *Goin* are not the exclusive test for determining the nature of an obligation, and that the factors are not a bar to the consideration of other evidence which is clearly relevant to the ultimate issue of the parties' intent. *See In re Goodnight*, 102 B.R. 799, 801–02 (D.Kan.1989). However, the debtor's only argument which he asserts to show that the parties intended the obligation to be a property settlement instead of support is misplaced. Debtor points to the fact that the Separation Agreement provides for defendant to receive real property which contained $41,500 in equity, while debtor received real property containing $141,500 in equity. Debtor then references the portion of the Separation Agreement which provides for an "alimony judgment" in defendant's favor in the amount of $100,000. The Separation Agreement, which was incorporated by reference in the Divorce Decree, states in pertinent part:

> 4. *Alimony Judgment.* That husband shall give to wife an alimony judgment in the amount of $100,000.00, which alimony judgment wife shall not attempt to execute upon or in any way collect so long as husband makes regular payments when due upon the debts he has assumed under the provisions of this agreement; further, wife shall immediately forgive, release and satisfy the entire alimony judgment without any further consideration whatsoever upon husband showing due proof to wife that the said debts have been paid.

Clearly, defendant's claim in the present case is in no way related to the "alimony judgment" set forth in the Separation Agreement. Defendant's claim is based on

the state court judgment for back child support and maintenance, which was clearly calculated by the state court based upon the *monthly* payments debtor failed to make as required under the provisions of the Separation Agreement which are set forth above.

The debtor is not disputing any facts which are relevant to a determination of whether the debt in question is in the nature of alimony or support. Rather, the debtor asserts that genuine issues for trial exist due to the following facts: debtor was not represented by counsel during the divorce proceedings; debtor was severely depressed during execution of the Separation Agreement; the divorce was uncontested; and the Decree did not recite (even though it incorporated) the essential terms of the Separation Agreement. The Court finds that the issues raised by debtor are irrelevant to a determination of dischargeability pursuant to 11 U.S.C. § 523(a)(5).

■ Debtor's Complaint prays for an order of this Court determining that all debts listed on the schedules which may be characterized as past-due child support and/or alimony "be dischargeable under the federal bankruptcy laws and the fair principles established in *Long v. Calhoun*, 715 F.2d 1103 (6th Cir.1983), espoused and known as the 'Calhoun Doctrine,' with a view towards the present financial circumstances of the plaintiff/debtor and a just resolution of the issue raised." The debtor then devotes many pages of his briefs and affidavits urging this Court to adopt the 'Calhoun Doctrine.' Debtor asserts that issues remain with regard to the "changed circumstances" of the parties.

However, the Tenth Circuit has already resolved this issue. In *Sylvester v. Sylvester*, 865 F.2d 1164, 1166 (10th Cir.1989), the Tenth Circuit Court of Appeals states that *Calhoun* "... is a minority approach which we decline to follow." The Court in *Sylvester* goes on to state that a "requirement that the former spouse's present need for support or changed circumstances be analyzed in determining dischargeability finds no support in either the language or the legislative history of § 523(a)(5)." *Id.* "[S]uch an inquiry would put federal courts in the position of modifying state matrimo-

nial decrees ... [w]e decline to make such an intrusion into the area of domestic relations absent a clearer congressional mandate to do so." *Id.*

■ Debtor also argues that defendant's disclaimer of her interest in certain real property owned by the debtor amounted to an assignment under § 523(a)(5)(A). Section 523(a)(5)(A) provides that a debt for alimony, maintenance or support is not nondischargeable to the extent that "such debt is assigned to another entity, voluntarily, by operation of law, or otherwise...." Debtor has cited no authority for the proposition that a spouse's disclaimer of an interest in real property, which interest arose due to his/her alimony/child support judgment, is tantamount to an assignment of the debt for alimony, maintenance or support. This Court is unaware of any authority for this interpretation of § 523(a)(5)(A), and finds that debtor's argument is without merit. Debtor also argues that the terms of the Separation Agreement have been altered either through oral agreements between the parties or through defendant's waiver or disclaimer. Not only has debtor already tried these very issues in state court, but the Court finds that the reasoning set forth in *Sylvester* would likewise apply to the issues debtor is raising to show that various factors have altered the parties original agreement. As with the *Calhoun* doctrine, "such an inquiry would put federal courts in the position of modifying state matrimonial decrees."

The Court finds that the debts resulting from the obligations denominated support and alimony pursuant to the provisions of the Separation Agreement which are set out in the Court's *FINDINGS OF FACT* are nondischargeable pursuant to 11 U.S.C. § 523(a)(5). Although the debtor's Complaint was filed prior to the filing of defendant's proof of claim in the present case, the debtor has raised several arguments in his subsequent pleadings that go to the question of the validity of defendant's proof of claim. For example, debtor argues that defendant's judgment in state court should be credited due to a forced sale of debtor's property. Debtor also disputes the calculation of the amounts currently due.

The Court is deciding the dischargeability of the debt in question, not the validity of defendant's proof of claim. The Bankruptcy Code provides a procedure to dispute the validity of a claim. Section 523 has no bearing on whether a claim is allowable, it only determines whether a claim is dischargeable. The issue of whether defendant's claim should be allowed as filed is not presently before the Court and the Court is not ruling on debtor's arguments which dispute the validity of defendant's claim. The issue of whether defendant's claim should be allowed must be litigated under the Code provisions applicable to objections to claims.

IT IS THEREFORE, BY THE COURT, ORDERED That the debts arising from obligations denominated as alimony and support in the Separation Agreement be and the same are hereby declared nondischargeable.

IT IS FURTHER, BY THE COURT, ORDERED That defendant's motion for summary judgment be and the same is hereby GRANTED.

This Memorandum shall constitute my findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.