972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Michael Jay PALM, Debtor.
Michael Jay PALM, Appellant,
v.
Jill PALM, Appellee.
 No. 91-8072.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Debtor-appellant Michael Jay Palm appeals from an order of the district court affirming the bankruptcy court's decision that certain obligations of Debtor to Appellee Jill Palm, his former spouse, pursuant to a divorce settlement, were alimony, maintenance, or support and therefore were nondischargeable under 11 U.S.C. § 523(a)(5). Debtor argues that (1) the bankruptcy court erred as a matter of law by applying the incorrect legal standard in its determination that the obligations were nondischargeable and (2) Appellee is barred, pursuant to the principles of judicial estoppel, from asserting a position in bankruptcy court contrary to the position she previously asserted in the state court. We affirm.
 
 
 3
 In 1983, the parties obtained a divorce. Their Property Settlement Agreement was incorporated into the Divorce Decree. In relevant part, Debtor agreed to pay Appellee child support and $900.00 per month "alimony for ten years or until remarriage or cohabitation with another man" and to hold Appellee harmless for joint debts incurred for Debtor's business which he retained. In 1986, Debtor's business failed, and he filed for bankruptcy. Subsequently, Debtor filed a Petition to Modify the Divorce Decree in Wyoming district court seeking to reduce his child support and alimony obligations. Appellee objected to the modification on the ground that the obligations were actually part of a property settlement and thus not modifiable in Wyoming. The Wyoming district court reduced the child support obligation, but refused to reduce the alimony obligation, finding that the alimony was actually a property settlement not subject to modification, see Wyo.Stat. § 20-2-116.
 
 
 4
 Subsequently, Debtor commenced an adversary proceeding in the bankruptcy court to determine whether the obligations to Appellee were discharged. Appellee asserted the obligations were alimony and not dischargeable. The bankruptcy court held that the $900.00 per month obligation was support and the obligation to hold Appellee harmless for the joint debts was in the nature of support because it protected the other support provisions in the divorce decree. The bankruptcy court believed that it was the intent of the parties that Debtor pay the debts relating to the business which he retained. Accordingly, the bankruptcy court held the obligations were not dischargeable. The district court affirmed.
 
 
 5
 "We review the bankruptcy court's decision under the same standard used by the district court...." Citizens Nat'l Bank & Trust v. Serelson (In re Burkart Farm & Livestock), 938 F.2d 1114, 1115 (10th Cir.1991). We review the bankruptcy court's legal conclusions de novo and factual findings under the clearly erroneous standard. See Unioil v. Elledge (In re Unioil, Inc.), 962 F.2d 988, 990 (10th Cir.1992).
 
 I.
 A.
 
 6
 On appeal, Debtor first argues that the bankruptcy court applied an incorrect legal standard to determine that Debtor's obligations were nondischargeable under § 523(a)(5). He believes that because the state court rendered its decision while the bankruptcy proceeding was pending, the state court's determination as to the nature of the $900.00 obligation should not have been ignored. Because, based on the language of the agreement, the state court found a property settlement, Debtor argues the bankruptcy court should have made the same finding. He further suggests the word "alimony" was used to disguise the payment of an equitable portion of his business to Appellee in a tax deductible, modifiable manner.
 
 
 7
 Section 523(a)(5) provides no discharge to an individual debtor from a debt owed "to a spouse, former spouse or child ... for alimony to, maintenance for, or support of such spouse or child in connection with a ... divorce decree ... or property settlement agreement" if the debt is "actually in the nature of alimony, maintenance, or support." A determination of what constitutes alimony, maintenance, or support is determined under bankruptcy, and not state, law. Yeates v. Yeates (In re Yeates), 807 F.2d 874, 877 (10th Cir.1986) (citing to legislative history); accord Goin v. Rives (In re Goin), 808 F.2d 1391, 1392 (10th Cir.1987) (whether an obligation is support is a matter of federal law). "Although state court decisions are to be regarded with deference, 'bankruptcy courts are not bound by state laws that define an item as maintenance or property settlement, nor are they bound to accept a divorce decree's characterization of an award as maintenance or a property settlement.' " Goin, 808 F.2d at 1392 (quoting Williams v. Williams (In re Williams), 703 F.2d 1055, 1057 (8th Cir.1983)).
 
 
 8
 Although the parties' agreement was labeled a Property Settlement Agreement, that label does not control. See Sylvester v. Sylvester, 865 F.2d 1164, 1166 (10th Cir.1989). The bankruptcy court correctly looked at the parties' intent at the time they entered into the agreement and the substance of the obligation rather than just the language of the agreement. Goin, 808 F.2d at 1392.
 
 
 9
 Several factors are pertinent to the bankruptcy court's determination of whether the debt is support: (1) if the agreement fails to provide explicitly for spousal support, the court may presume that the property settlement is intended for support if it appears under the circumstances that the spouse needs support; (2) when there are minor children and an imbalance of income, the payments are likely to be in the nature of support; (3) support or maintenance is indicated when the payments are made directly to the recipient and are paid in installments over a substantial period of time; and (4) an obligation that terminates on remarriage or death is indicative of an agreement for support.
 
 
 10
 Id. at 1392-93.
 
 
 11
 Applying these factors, we conclude the bankruptcy court's determination that the $900.00 per month obligation to Appellee was support was not clearly erroneous. See Goin, 808 F.2d at 1393 (citing Draper v. Draper, 790 F.2d 52, 54 (1986)). At the time of divorce, payment of the obligation was necessary for Appellee to maintain basic necessities such as housing, food, and transportation. See Yeates, 807 F.2d at 879. Debtor testified that the $900.00 per month amount was based on the total amount needed by Appellee for monthly expenses. Appellee did not work outside of the home, and she did not have job skills. Debtor supported the family including minor children prior to the divorce. Thus, the payments reflected a difference in the parties' abilities to earn an income, not compensation for property. Additionally, Debtor made and was to make payments to Appellee directly over a period of time. See Sylvester, 865 F.2d at 1166; accord Shaver v. Shaver, 736 F.2d 1314, 1317 (9th Cir.1984) (support payments generally paid in installments over substantial period of time). The obligation terminated upon her remarriage or cohabitation. See Sylvester, 865 F.2d at 1166. The bankruptcy court's finding that the $900.00 per month alimony obligation was support is not clearly erroneous.
 
 
 12
 Debtor contends the bankruptcy court's decision should be reversed because there is a presumption that dischargeability is favored in bankruptcy. According to Debtor, § 523(a)(5) is in conflict with the Bankruptcy Code's fresh start policy. Although we recognize the importance of the fresh start policy, § 523(a)(5) is a specific exception to that policy. Sylvester, 865 F.2d at 1165. It enforces the overriding public policy favoring the enforcement of family obligations. Shaver, 736 F.2d at 1316.
 
 
 13
 Debtor also contends the bankruptcy court should have considered that his ability to pay the $900.00 per month had changed from the time of the parties' divorce and agreement. Thus, Debtor maintains the bankruptcy court should have considered his present ability to pay the obligation. The bankruptcy court correctly refused to consider Debtor's present ability to pay and considered only the economic circumstances of the parties at the time of the divorce decree. See Sylvester, 865 F.2d at 1166.
 
 B.
 
 14
 Debtor argues that the hold harmless provision of the parties' agreement concerning joint debts was dischargeable. For the obligation to be nondischargeable, it too must be in the nature of alimony, maintenance, or support. In light of the child support and $900.00 per month obligation to Appellee, Debtor maintains the hold harmless provision was in the nature of a property settlement, not alimony, maintenance, or support, and, thus, should be dischargeable.
 
 
 15
 Hold harmless clauses may create nondischargeable obligations even though payment is not made directly to the spouse. Troup v. Troup (In re Troup), 730 F.2d 464, 466 (6th Cir.1984); Long v. Calhoun (In re Calhoun), 715 F.2d 1103, 1107 (6th Cir.1983). The initial inquiry is whether the state court or divorced parties intended to create an obligation for support through the assumption of the joint debts. Calhoun, 715 F.2d at 1109. If the assumption of the debts was intended as support, it must be determined whether the assumption has the effect of providing the necessary support to ensure the daily needs of the former spouse and children. Distribution or existence of other property may make assumption of the joint debts unnecessary for support. Id. If a loan assumption is not found necessary to provide support, a debtor's obligation to hold the former spouse harmless must be discharged. If, however, without the loan assumption the former spouse could not maintain daily necessities, the loan assumption may be found to be support. Id.
 
 
 16
 When the loan assumption has the effect of providing support, the bankruptcy court must determine the amount of support represented by the assumption is not so excessive that it is unreasonable under traditional concepts of support. Id. at 1110. Also, if, at the time the debt was assumed, the assumption substantially exceeded the debtor's present and foreseeable ability to pay, the amount of the assumption which exceeded the debtor's ability to pay should not be characterized as support. Id.
 
 
 17
 The bankruptcy court determined the hold harmless obligation was in the nature of support and not dischargeable. The only joint debt assumed by Debtor was a second mortgage on the parties' residence. Appellee was awarded the residence in the Property Settlement Agreement. The second mortgage was held by the Small Business Administration for a loan taken out for the benefit of Debtor's business. Thus, the house served as collateral for the loan. At the time the loan was obtained, Debtor believed he could pay the entire amount of the debt from the income of the business.
 
 
 18
 Any payments on the second mortgage by Appellee would affect her ability to support herself and her children because every dollar paid would not be available to meet current needs. See Balvich v. Balvich (In re Balvich), 135 B.R. 327, 336 (Bankr.N.D.Ind.1991), aff'd, 135 B.R. 323 (N.D.Ind.1991). Thus, the obligation actually had the effect of providing support to Appellee by enabling her to maintain a home and have monthly income. See Sylvester, 865 F.2d at 1166; cf. Yeates, 807 F.2d at 879 (wife who received home was unable to make mortgage payments; thus, payment of mortgage by debtor was support because payment was necessary for wife to maintain home). We conclude the bankruptcy court's finding that the hold harmless obligation was a nondischargeable support obligation is not clearly erroneous. See Goin, 808 F.2d at 1393.
 
 II.
 
 19
 Debtor argues that Appellee should have been barred pursuant to principles of judicial estoppel from asserting nondischargeability in the bankruptcy court since she took an opposite position in state court proceedings, arguing the $900.00 obligation was part of the property settlement. Because we do not recognize the doctrine of judicial estoppel, Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1520 n. 10 (10th Cir.1991); United States v. 49.01 Acres of Land, More or Less, Situate in Osage County, 802 F.2d 387, 390 (10th Cir.1986); see Parkinson v. California Co., 233 F.2d 432, 438 (10th Cir.1956) ("[W]e must reject the theory that the pleading of a claim under oath, apart from equitable considerations which may be deemed in reason to operate as an estoppel by conduct, irrevocably freezes the contentions of the pleader so that under no circumstances may he alter his view in that, or another, case, or assert an inconsistent position."), we conclude this argument is without merit.
 
 III.
 
 20
 Appellee requests costs for this appeal as well as costs for the appeal before the district court, pursuant to Bankr.R. 8014 and Fed.R.App.P. 39. In light of our decision to affirm, under these rules Appellee is entitled to costs.
 
 
 21
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED. Appellee's request for costs is GRANTED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3