**In re Alfred Rhodes WINN, Debtor.**

**Donna WINN, Plaintiff,**

v.

**Alfred R. WINN, Defendant.**

**Bankruptcy No. 88–03783–BKC–TCB.**
**Adv. No. 88–0486–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 29, 1988.

Theodore A. Jewell, Palm Beach, Fla., for plaintiff.

Stuart A. Young, West Palm Beach, Fla., for defendant.

Daniel L. Bakst, West Palm Beach, Fla., trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The debtor's ex-wife seeks exception from discharge under 11 U.S.C. § 523(a)(5). The debtor has answered and the matter was tried on November 29.

The debtor filed his bankruptcy petition on September 21, 1988. The marriage was dissolved by a final judgment dated June 10, 1988. (Ex. 1).

The judgment provided that child support payments for the minor children (¶ 3) and rehabilitative alimony payments (¶ 4) be made by the debtor to the wife. Two of the provisions of the judgment are disputed with respect to their characterization under § 523(a)(5) as alimony or a property settlement. The judgment requires that the debtor be responsible for payment of: the

second mortgage on the marital home (¶ 5), and outstanding credit card balances of Visa, Sears, Jordan Marsh, First Card and Burdines (¶ 7). The ex-wife asserts that these payments contribute to the support and maintenance of herself and the children and should be declared nondischargeable.

Section 523(a)(5) excepts from discharge debts to a former spouse:

> "for alimony to, maintenance for, or support of such spouse ... in connection with a ... divorce decree ..., but not to the extent that ... (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."

■ The legislative history reflects that what constitutes alimony, maintenance or support is to be determined under federal bankruptcy law and not State law. H.R. No. 95–595, 95th Cong., 1st Sess. 364 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6321–6322; *In re Harrell*, 754 F.2d 902, 904–05 (11th Cir.1985).

Paragraph 5 of the judgment provides "lump sum alimony" to the wife by means of awarding the husband's interest in the marital home as well as requiring his payment of the second mortgage. This mortgage in the amount of $7,400 requires a monthly payment of $139.

■ I find that this award was in fact a property settlement and not alimony, maintenance or support as those terms are employed in § 523(a)(5)(B). Of course, the label "alimony" used in the judgment is insufficient to make the obligation nondischargeable unless the payment is actually for support and maintenance. 3 *Collier on Bankruptcy* ¶ 523.15[5] (15th Ed.1988).

The first point of reference in making this determination is the dissolution judgment itself. The judgment sets forth a list of the marital assets which include the $16,000 equity in the home and the husband's retirement fund then valued at $13,-000; the former being awarded to the wife and the later to the husband. I have also considered the testimony with respect to the circumstances under which this mortgage debt was incurred. The proceeds of the mortgage loan were used to purchase a boat which was awarded to the husband and to pay off a loan on the wife's automobile. There is a strong basis for finding that the origin of this debt is a division of property.

The ex-wife has testified that her present financial condition reflects that the funds are necessary so that she does not have to use other support funds for this purpose. While recognizing that receipt of an additional monthly sum would necessarily affect the ability of the wife to get by with the income she is capable of earning through her employment and alimony and child support specifically provided, it is beyond this court's authority to make an investigation of the spouse's circumstances to determine the appropriate measure of need or support. *In re Harrell, supra,* at 907.

■ The debt for payment of outstanding credit card balances was not characterized as alimony, maintenance or support in the dissolution judgment. It is clear that provisions in a divorce decree requiring one spouse to pay a joint obligation or to hold the other spouse harmless are *generally* dischargeable, even though of course, the discharge of such a provision necessarily affects the ability of the other spouse to get by with the alimony and support specifically provided. 3 *Collier on Bankruptcy* § 523.15[1] n. 4 (15th Ed.1988).

I have not overlooked the fact that the State court found the wife's temporary needs (for at least three years) required payment of alimony. Considerations regarding the needs of the wife and the disparate incomes of the parties formed the basis of the alimony award in the dissolution judgment. There are no additional facts to extend to the disputed provisions the interpretation asserted by the ex-wife. Neither the language in the judgment nor any other relevant evidence supports the wife's position.

I find that the judgment fails to establish a basis from which to infer that either of the disputed provisions was intended to

balance disparate incomes of the spouses. *See Matter of Newman,* 15 B.R. 67, 69 (Bankr.M.D.Fla.1981).

The burden of proof in proceedings to determine that a debt is nondischargeable is on the holder of the debt, and the wife has not met that burden as to the disputed awards. *In re Hunter,* 780 F.2d 1577, 1579 (11th Cir.1986). The wife has failed to establish her theory based on the intent and purpose of the subject provisions in the judgment.

Therefore, the debtor's obligations to pay the second mortgage designated as "lump sum alimony" and to pay outstanding credit card balances are dischargeable under 11 U.S.C. § 523(a)(5). As is required by B.R. 9021(a), a separate judgment will be entered in accordance herewith. Costs may be taxed on motion.

DONE AND ORDERED.