**In re Frederick C. YOUNGMAN, Debtor.**

**Ann Marie Gilbert YOUNGMAN, Plaintiff,**

v.

**Frederick C. YOUNGMAN, Defendant.**

**Bankruptcy No. 89–20490.
Adv. No. 89–0043G.**

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

Jan. 4, 1991.

Robert Wellon, Wilson, Strickland & Benson, Atlanta, Ga., for plaintiff.

William Hardman, Gainesville, Ga., for defendant.

## ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

This matter is before the court following trial in the above-styled adversary proceeding. The parties filed proposed findings of fact and conclusions of law and filed post-hearing briefs. For the reasons set forth below, Debtor's obligation to Plaintiff to the extent of $12,000 is found to be nondischargeable.

## FINDINGS OF FACT

Plaintiff and Defendant were married in 1963. They were divorced by a Final Judgment and Decree (the "Decree") entered by Forsyth County Superior Court December 6, 1988. The Decree incorporated a Settlement Agreement between the parties (the "Agreement") dated October 13, 1988. Paragraph 2 of the Agreement is labeled "CHILD SUPPORT" and provides that Debtor shall pay to Plaintiff $50 per week as child support until the sale of the marital residence. Thereafter, Debtor shall pay to Plaintiff $175 per week as child support.

Paragraph 4 of the Agreement is labeled "DIVISION OF PROPERTY" and provides that the parties shall place the marital residence (the "Property") on the real estate market for sale. From the gross proceeds

from the sale of the Property, the first and second mortgages and debts to MasterCard and to Mary Durland[1] would be paid, the balance representing the net proceeds. Pursuant to the Agreement, Plaintiff is to receive 65% of the net sales proceeds and Debtor is to receive 35% of the net sales proceeds. Prior to the sale, Plaintiff had the exclusive right to possession of the Property and Debtor was required to pay the monthly installment payments to the first and second mortgagees.

Prior to execution of the Agreement, Debtor proposed a settlement in a hand-written note. He proposed to pay $150–$175 per week as child support and that all proceeds from the sale of the Property would be paid to Plaintiff. The handwritten proposal did not expressly designate who would be responsible for paying the mortgage payments until sale of the Property but did state "No other expenditures other than those above will be made by Fred Youngman."

Plaintiff has a high school diploma and currently works as a secretary/receptionist earning approximately $13,000 per year. Debtor has an associate degree and is a registered land surveyor. During the marriage, Debtor had been employed earning approximately $50,000. Prior to the parties' divorce, Debtor started his own surveying business, which resulted in a decrease in his earnings.

In January, 1989, Debtor discontinued making payments to the first mortgagee. Later, in the Spring of 1989, Debtor discontinued making payments to the second mortgagee. Although foreclosure of the Property was forestalled several times by the filing of bankruptcy petitions by both Debtor and Plaintiff, the mortgagees have obtained relief from the automatic stay of 11 U.S.C. § 362 and foreclosure was scheduled for November, 1990.

## CONCLUSIONS OF LAW

Section 523(a)(5) of the Bankruptcy Code provides, in part, that a debt is nondischargeable if it is owed:

1. Mary Durland is Debtor's sister, who lent the parties $5,000 to cure a prior arrearage in the

to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record, or property settlement agreement, but not to the extent that—

.        .        .        .        .

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

The general bankruptcy rule is that exceptions to dischargeability should be construed in favor of the debtor. *In re Hunter*, 780 F.2d 1577 (11th Cir.1986). This general rule in favor of the debtor is overcome, however, by the Congressional policy which favors enforcement of obligations for spousal and child support. *Harrell v. Sharp*, 754 F.2d 902 (11th Cir. 1985); *Shine v. Shine*, 802 F.2d 583 (1st Cir.1986); *Cain v. Isenhower*, 29 B.R. 591 (Bankr.N.D.Ind.1983).

Determining whether a particular claim is "actually in the nature of alimony, maintenance, or support" is a matter of federal bankruptcy law, not state law. *Harrell v. Sharp*, 754 F.2d 902; *Myers v. Myers*, 61 B.R. 891 (Bankr.N.D.Ga.1986). The focus of the determination of the nature of the obligation is on the intent underlying the award. *Sylvester v. Sylvester*, 865 F.2d 1164 (10th Cir.1989); *West v. West*, 95 B.R. 395 (Bankr.E.D.Va.1989). *See also, Harrell*, 754 F.2d 902. If the divorce decree was obtained by agreement between the parties, the intent of the parties is the focus. *West*, 95 B.R. at 399.

The labeling of an obligation in an agreement or court order as alimony, maintenance or support does not conclusively establish the nature of the obligation because the bankruptcy court must determine dischargeability based on the substance

mortgages on the Property.

and function of the obligation rather than its form. *Erspan v. Badgett*, 647 F.2d 550 (5th Cir.1981); *In re Spong*, 661 F.2d 6 (2d Cir.1981); *Winn v. Winn*, 95 B.R. 839 (Bankr.S.D.Fla.1988). In the instant case, Debtor argues that because paragraph 4 of the Agreement, which requires Debtor to pay the first and second mortgage payments until sale of the Property, is titled Division of Property, the obligation to Plaintiff was intended to be a property settlement and, thus, dischargeable. The label "property settlement" is not determinative of the issue of the nature of the agreement, however. *Sylvester*, 865 F.2d 1164.

Additionally, Debtor contends that because the Agreement required the mortgage payments to be paid directly to the mortgagees rather than to Plaintiff, the payments must be dischargeable. Debtor's contention, however, is without merit. "Debts payable to a third person may be viewed as maintenance or support obligations; the crucial issue is the function the award was intended to serve." *Williams v. Williams*, 703 F.2d 1055, 1057 (8th Cir.1983). *See also, In re Edwards*, 33 B.R. 942 (Bankr.N.D.Ga.1983).

Finally, Debtor maintains that consideration of factors relevant in ascertaining intent indicate the obligation is not support. As a result of the unusual structure of the Agreement, however, the typical factors considered in determining whether an obligation is support are not very helpful. The most significant factor in the instant case is that the Agreement provided that the amount of child support which Debtor was required to pay would increase upon the sale of the Property and that until sale, Debtor was required to pay the monthly installments to the first and second mortgagees.

A comparison of Debtor's handwritten proposal with the Agreement further elucidates the parties' intent. Debtor initially agreed to payment of up to $175 per week as child support. Debtor did not, however, agree to make the monthly mortgage payments, which equal approximately $900.[2]

Debtor also intially agreed that Plaintiff would receive 100% of the proceeds from the sale of the Property but the Agreement provided that Plaintiff would receive 65% of the proceeds and Debtor 35% of the proceeds. Thus, it appears that, in exchange for Debtor's agreement to make the monthly mortgage payments, he received a decrease in the amount of weekly child support and a share of the proceeds. Because of the apparent disparity in the earning capacity of Plaintiff and Debtor, it appears the provisions of the Agreement resulted from a determination that Plaintiff could not afford, even with child support, to make the mortgage payments.

The above facts and circumstances demonstrate that the parties intended that a portion of the monthly mortgage payments was for support and maintenance and thus, is nondischargeable. The balance of those payments was intended to be a dischargeable equitable division of property.

The nondischargeable portion is easily calculated. The portion of the obligation of Debtor which is nondischargeable is equal to the difference between $50 per week child support and $175 per week child support for the period during which he was obligated to make the mortgage payments and did not. If the facts have not changed, the Property was foreclosed in November, 1990. Therefore, the amount of the obligation of Debtor which is nondischargeable would equal $125 per week for the period from January, 1989, to November, 1990, or 96 weeks, which equals $12,000. Accordingly, it is hereby

ORDERED that Debtor's obligation to Plaintiff to the extent of $12,000 is nondischargeable. The balance is dischargeable.

IT IS SO ORDERED.

---

**2.** The amount of child support paid monthly

equals $175 × 4.33 or $757.75.