Deborah K. WOODWARD,
Appellant–Petitioner,

v.

Frederick R. WOODWARD,
Appellee–Respondent.

No. 01A02–9611–CV–723.

Court of Appeals of Indiana.

March 4, 1998.

Kenneth M. Waterman, Fort Wayne, for Appellant–Petitioner.

## OPINION

FRIEDLANDER, Judge.

Deborah K. Woodward appeals from a contempt finding entered against her for failure to pay debts allocated to her in the decree of dissolution dissolving her marriage with Frederick R. Woodward.[1] Woodward presents the following restated issue for review:

> Can a dissolution court enforce an order contained in a dissolution decree to pay a debt, if the debt was later discharged in bankruptcy?

We reverse and remand.

To the extent discernible, the relevant facts are not in dispute. Pursuant to a September 22, 1995 decree of dissolution dissolving her marriage with Frederick, Deborah

---

1. Frederick Woodward failed to file an appellate brief.

was ordered to pay one-half of certain debts incurred during their marriage. Subsequent to the divorce, Deborah instituted bankruptcy proceedings, as a result of which the aforementioned debts were apparently discharged. Thereafter, Deborah did not make payments on the debts.

Frederick filed a Petition for Citation of Contempt and Modification and Reconsideration of Decree of Dissolution of Marriage. Among other things, Frederick sought a contempt citation against Deborah for her failing to pay her share of the debts in question, as ordered in the decree. After a hearing, the trial court found Deborah in contempt and ordered her to comply with the obligations originally imposed by the decree. Deborah contends that the trial court erred in so holding.

The court explained its reasoning for finding Deborah in contempt as follows:

> Just so we don't waste a lot of time on this issue though, you understand that whether you filed bankruptcy and got discharged upon the debt or not, has no bearing on this property settlement agreement. This property settlement agreement says that you are to save him harmless on the things you are to be responsible for and that you are to pay them. And if he pays them then you have to reimburse him. Do you understand that?

> \* \* \* \* \* \*

> ■ You are still obligated. That's very, very clear. As a matter of fact, this agreement that Ned prepared, and that you and Frederick signed, specifically talks about on paragraph ten that it is not dischargeable in bankruptcy, and elsewhere that "parties hereby jointly and severally do hereby mutually and reciprocally indemnify and agree to hold forever harmless each other as to the separate obligation assumed by each." That bankruptcy court doesn't have a bit of authority over this court in matters that are identified in this separation agreement as support issues. Now property issues are something separate and that's been the law for a long time....

Record at 21–23. The comments reflect the trial court's erroneous view that a state court need not defer to a federal bankruptcy court's determinations concerning financial obligations arising from a dissolution decree. To the contrary, as set forth below, an obligation is dischargeable if the bankruptcy court (1) deems it to be "property," notwithstanding the dissolution court's classification, and (2) determines that one of the exceptions set out in 11 U.S.C. § 523(a)(15)(A) or (B) applies.

■ Under § 523(a)(5), obligations that are in the nature of support are not dischargeable in bankruptcy. Such has always been the case. The law has recently changed, however, with regard to provisions of a dissolution order pertaining to "property," as opposed to support. Formerly, dissolution obligations deemed "property" were automatically dischargeable. That changed with the enactment of 11 U.S.C. § 523(a)(15). "Congress enacted § 523(a)(15) because obligors were able to craftily draft settlement agreements to be in property rather than alimony terms and then discharge their marital obligations in bankruptcy." *In re Butler,* 186 B.R. 371, 372–73 (Bankr.D.Vt.1995).[2] Therefore, 11 U.S.C. § 523(a)(5) and (15) (1996) set forth the law concerning the relationship between financial obligations imposed upon formerly married persons by a dissolution order and a subsequent bankruptcy proceeding. Those provisions state:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

> \* \* \* \* \* \*

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record....

> \* \* \* \* \* \*

> (15) not of the kind described in paragraph (5) that is incurred by the debtor

**2.** Although Indiana law makes no provision for "alimony," provision with respect to support or maintenance are analogously equivalent.

in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]

▮ Under federal bankruptcy law, the dissolution court's designation of an obligation as "support" or "property" does not resolve the issue of whether the obligation was in the nature of support and therefore not dischargeable. *Sylvester v. Sylvester,* 865 F.2d 1164 (10th Cir.1989). Notwithstanding a dissolution court's characterization of the obligation, it is the bankruptcy court's task to determine the proper classification. The bankruptcy court's task in this regard is described as follows:

Congress, by directing federal courts to determine whether an obligation is "actually in the nature of alimony, maintenance, or support," sought to ensure that § 523(a)(5)'s underlying policy is not undermined either by the treatment of the obligation under state law or by the label which the parties attach to the obligation.... Thus, a debtor's lack of duty under state law to support his or her former spouse does not control whether an obligation to the former spouse is dischargeable in bankruptcy. Similarly, § 523(a)(5) requires federal courts to look beyond the label which the parties attach to an obligation. Inquiry by federal courts into the actual nature of the obligation promotes nationwide uniformity of treatment between similarly situated debtors, and furthers § 523(a)(5)'s underlying policy favoring enforcement of familial support obligations over a debtor's "fresh start." . . .

Because the label attached to an obligation does not control, an unambiguous agreement cannot end the inquiry. As we stated in [*In re Goin,* 808 F.2d 1391, 1392 (10th Cir.1987) (emphasis in original) ], "a bankruptcy court *must* look beyond the language of the decree to the intent of the parties *and* the substance of the obligation" to determine whether the obligation is actually in the nature of alimony, maintenance or support.... Thus, whether an obligation is nondischargeable under 523(a)(5) is a dual inquiry into both the parties's intent and the substance of the obligation. The party seeking to hold the debt nondischargeable has the burden of proving by a preponderance of the evidence that the parties intended the obligation as support and that the obligation was, in substance, support.

*Sampson v. Sampson,* 997 F.2d 717, 722–23 (10th Cir.1993).

▮ Although the above indicates that the task of classifying the obligations imposed by a dissolution decree is assigned to bankruptcy court, this is not to say that the dissolution court may not play a role. The intent of the state court that fashioned the dissolution order is highly relevant in making the determination of whether a particular item was in the nature of support. *See Hainline v. Neal,* 179 B.R. 234 (Bankr.D.Idaho 1995). Moreover, a bankruptcy court may confer upon the state court that entered the dissolution decree the task of determining whether a particular component of a dissolution settlement or award was in the nature of support. *See, e.g., Edwards v. Edwards,* 83 Wash.App. 715, 924 P.2d 44 (1996), *amended,* 932 P.2d 171 (1997). In such cases, the state court's determination is binding upon the federal court. *See, e.g., In re Rickman,* 79 B.R. 753 (Bankr.W.D.Tenn.1987).

Once classified as such by the bankruptcy court, obligations in the nature of "support" are not dischargeable, but obligations classified as "property" may be.

Property settlements are no longer automatically dischargeable unless the sixty-

day statute of limitations under F.R.Bkrtcy.P. Rule 4007(c) has passed. Instead, property settlements are not dischargeable unless a debtor has no ability to pay the debt or, alternatively, a discharge would result in a benefit to a debtor that outweighs the harm to an ex-spouse.... For comprehension purposes only, the section can be read to make property settlements nondischargeable IF a debtor is able to pay those debts or IF a discharge would be too detrimental to the ex-spouse. Congress has decided that if a debtor is able to pay the debt owed to the ex-spouse without harming him or herself more than nonpayment would harm the ex-spouse, the debtor should uphold his or her separation obligation.

*In re Butler* at 373.

In the instant case, under 11 U.S.C. § 523(a)(15) and Fed.R.Bankr.P. Rule 4007,[3] the debt was dischargeable unless Frederick established that he held a claim against Deborah of the kind described in § 523(a)(5) or (15). *See In re Gantz,* 192 B.R. 932 (Bankr. N.D.Ill.1996). Once Frederick made this showing, federal courts have disagreed about which party—creditor or debtor—bears the burden of proof. In the Seventh Circuit, the federal circuit in which Indiana is located, it appears that the burden of going forward shifts to Deborah to show:

> either (1) that [she] lacks the ability to pay the debt from income or property not needed to support [herself] and any dependents, or (2) that the discharge would be more beneficial to [Deborah] than detrimental to [Frederick].

*In re Paneras,* 195 B.R. 395, 403 (Bankr. N.D.Ill.1996); *see also In re Gantz,* 192 B.R. 932. Accordingly, Deborah would have borne the burden of proof on the question of whether she was entitled to discharge, pursuant to the criteria set out in either subparagraphs 15(A) or (B) of § 523(a).

Having set forth the applicable law, we are nevertheless unable to review the dissolution court's decision in the instant case because the appellate record is wholly inadequate for the task. We cannot discern whether Frederick filed a timely challenge to discharge under 11 U.S.C. § 523(a)(15), whether the bankruptcy court determined that discharge was appropriate under subparagraph (a)(15)(A) or (B), whether it deferred that determination to the dissolution court, or indeed whether the bankruptcy court ordered that the debts be discharged at all. However, it would appear from its comments accompanying the finding of contempt, that the trial court's ruling was arguably based upon its erroneous view that the bankruptcy court's actions were not binding upon the state court. Clearly, if the bankruptcy court determined that the debts were "property" and dischargeable under 11 U.S.C. § 523(a)(15)(A) or (B), and the debts were indeed discharged, that determination is binding upon the Adams Circuit Court and the finding of contempt and order to pay the obligations were in error. On the appellate record before us, we simply cannot say what occurred in the bankruptcy proceeding, if anything. Accordingly, we reverse the contempt finding and remand with instructions to reconsider Frederick's contempt petition in view of the law applicable to such proceedings, as set forth above. We do not retain jurisdiction.

Judgment reversed and remanded.

SULLIVAN and KIRSCH, JJ., concur.

---

**3.** The applicable portion of Rule 4007 states:

> A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002....