**In re the Marriage of Linda MERRITT, Appellant–Petitioner,**

v.

**Michael MERRITT, Appellee–Respondent.**

No. 79A02–9706–CV–397.

Court of Appeals of Indiana.

March 10, 1998.

Publication Ordered April 13, 1998.

Angela M. Service, Withered & Corrigan, Lafayette, for Appellant–Petitioner.

Steven P. Meyer, Rosenthal, Greives, O'Bryan & Meyer, Lafayette, for Appellee–Respondent.

## OPINION

SULLIVAN, Judge.

Appellant, Linda Merritt (Linda), appeals the trial court's determination that a hold harmless provision in her divorce decree constituted a property settlement, and, as such, could not be enforced against her former husband, Michael Merritt (Michael), through contempt proceedings.

We affirm.

Linda presents essentially two issues on appeal, which we restate as follows:

(1) Whether the trial court erred in concluding that any obligation imposed by the hold harmless provision was discharged in bankruptcy.

(2) Whether the trial court erred in finding that the hold harmless provision constituted a property settlement award which may not be enforced by a contempt citation.

Linda and Michael were granted a dissolution by the Tippecanoe County Superior Court on July 27, 1994. Under the terms of the decree, Linda was granted the marital residence and obligated to pay the first mortgage. Michael was ordered to pay a second mortgage on the marital residence to Bank One, and to hold Linda harmless from the joint obligation on the second mortgage. The portions of the decree which relate to the hold harmless provision and the marital residence are as follows:

"9. The parties jointly own certain real estate located at 2124 Robin Hood Lane, West Lafayette, Indiana, in Tippecanoe County, Indiana, which shall be set over to the wife as her separate property and the husband shall have no further interest therein. The wife shall pay and save the husband harmless on all taxes and insurance incident to ownership of the property and the first mortgage in the monthly amount of $477.23. The husband shall pay and save the wife harmless on the second mortgage and pay the monthly payments

in the amount of $689.86. Within thirty-six (36) months of the date of this decree the husband shall pay off the second mortgage and have this lien released." Record at 10.

"12. The Court is requiring the husband to pay the second mortgage on the family residence for the reason the wife shall remain in the residence with the minor children, who need a home, and also the husband is receiving a disproportionate share of the personal property accumulated during the marriage and prior to the final date of separation. Furthermore, the refinancing of the second mortgage was for a number of debts owed only by the husband. The Court is setting over to the husband the balance of the proceeds of his $14,535.00 retirement, which he took prior to the date of final separation without dividing these monies with the wife. These monies are a further set-off requiring the husband to pay and hold the wife harmless on the entire balance of the second mortgage." Record at 11.

On July 10, 1995, Michael filed for Chapter 7 bankruptcy. The bankruptcy petition did not list Michael's obligation to hold Linda harmless on the second mortgage. In July 1995, Linda received a notice of automatic stay and restraining order issued by the bankruptcy court. Linda did not file a complaint to determine the dischargeability of a debt pursuant to § 523(c) of the bankruptcy code. On November 8, 1995, the bankruptcy court entered a Discharge of Debtor Order. In order to satisfy the second mortgage to Bank One, Linda borrowed $22,000 from her

brother, who now holds a thirty-year, second mortgage on the real estate.

On March 28, 1996, Linda filed a contempt petition, asking the trial court to enforce the hold harmless provision in the dissolution decree. In its conclusions of law, the trial court found: (1) the hold harmless provision was properly discharged because Linda had actual knowledge of the bankruptcy proceedings; and (2) a contempt proceeding may not be used to enforce payments required by a property settlement or award order.

We find sufficient evidence to support the trial court's conclusion that the hold harmless provision constituted an award of property, even though its language contained indicia of both property and support. As such, federal bankruptcy law mandates the discharge of Linda's hold harmless provision because: (1) the provision constituted a "property" award; (2) Linda had actual notice of the bankruptcy; and (3) she failed to file a timely petition in the bankruptcy court to determine dischargeability of the provision. We also note that even if the law did not require that the obligation be discharged through bankruptcy, property awards may not be enforced through contempt proceedings.

 In *Woodward v. Woodward*, (1998) Ind.App., 691 N.E.2d 1318, this court recognized that 11 U.S.C. § 523(a)(15)[1] provides that property settlements are no longer automatically dischargeable in bankruptcy. Under § 523(a)(15), property awards contained in a divorce decree are nondischargeable unless a bankruptcy court finds that: (1) the debtor has no ability to pay the debt; or (2) a discharge would result in a benefit to the

1. 11 U.S.C. 523(a)(15) states, in pertinent part:
 (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor for any debt-
 (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a government unit unless-

 (A) the debtor does not have the ability to pay such debt for income or property of the debtor ...; or
 (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]
 We note that 11 U.S.C. § 523(a)(15) was enacted prior to the time Michael filed for Chapter 7 bankruptcy, and as such, applies in this matter.

debtor that outweighs the harm to an ex-spouse. *Id.* at 1320–21.

■ Therefore, § 523(a)(15) benefits parties seeking to enforce hold harmless provisions contained in dissolution decrees because property awards are no longer automatically dischargeable. However, in order to reap this benefit, Fed.Bankr.P. Rule 4007 requires that parties file a timely complaint to determine discharge-ability.[2] The filing requirement means that an otherwise nondischargeable hold harmless provision would be discharged if the party failed to file a timely complaint, assuming that party had either notice or actual knowledge of the bankruptcy proceedings.

■ While orders in the nature of support are nondischargeable and not subject to any filing requirements, such is not the case with property awards. Therefore, because the trial court had sufficient evidence to conclude the hold harmless obligation constituted a property award, the provision was discharged by Linda's failure to file a timely complaint to determine dischargeability.

■ The trial court indicated in its conclusions of law that the "hold harmless" provision was in the nature of a property settlement award. In reviewing a judgment supported by special findings of fact, we determine whether the evidence supports the findings and the findings support the judgment. *Homsher v. Homsher* (1997) Ind. App., 678 N.E.2d 1159, 1163. We shall not set aside the trial court's findings or judgment unless clearly erroneous. *Id.* at 1164. A judgment is clearly erroneous where, even though there is evidence to support the trial court's decision, our examination of the record leaves us with the firm conviction that a mistake has been made. *Id.*

■ We acknowledge that Linda's contention that the hold harmless provision constituted a support order is not without merit. The language employed by the dissolution decree ordering Michael to hold Linda harmless on the second mortgage contains characteristics of both property and support awards.

The court refers to Michael's obligation to hold Linda harmless on the second mortgage in two separate sections of the dissolution decree. Section Nine refers to the obligation by ordering that: "The husband shall pay and save the wife harmless on the second mortgage and pay the monthly payments in the amount of $689.86." Record at 10.[3]

The court mentions Michael's obligation to pay the second mortgage for a second time in Section Twelve:

"The Court is requiring the husband to pay the second mortgage on the family residence for the reason the wife shall remain in the residence with the minor children, who need a home, and also the husband is receiving a disproportionate share of the personal property accumulated during the marriage and prior to the final date of separation.... The Court is setting over to the husband the balance of the proceeds of his $14,535.00 retirement, which he took prior to the date of final separation without dividing these monies with the wife. These monies are a further set-off requiring the husband to pay and hold the wife harmless on the entire balance of the second mortgage." Record at 11.

Section Twelve offers conflicting characterizations of the purpose for Michael's obligation to pay the second mortgage. The language stating that "the minor children ... need a home" indicates the obligation was for support. The language "the husband is receiving a disproportionate share of the per-

---

2. The applicable portion of Rule 4007 states:

 "A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002."

3. Section Nine is positioned between sections Four through Eight, which dealt with support, and sections Ten and Eleven, which dealt with property distribution. Therefore, its position in the divorce decree does not lead to any conclusion as to whether the parties intended the provision to be considered property or support.

sonal property" and "[t]hese monies are a further set-off requiring the husband to pay and hold the wife harmless" indicate the obligation was part of the property settlement. However, support and property division concerns are not necessarily mutually exclusive when it comes to resolving issues in a dissolution decree. In this instance, the court expressed two valid, albeit dissimilar reasons for Michael's obligation on the second mortgage. Therefore, in light of this duality of purpose, we cannot conclude the trial court erred when it concluded that the hold harmless provision constituted a property settlement award.

Linda contends that, even if the hold harmless provision was a property award, it could not have been discharged in bankruptcy because Michael did not list the hold harmless obligation in his bankruptcy petition. In support of her position, Linda cites *Marburger v. Marburger,* (1978) 175 Ind. App. 612, 372 N.E.2d 1250, 1252, which held that a court order under which a divorced husband was ordered to pay the joint debts of the parties is enforceable by contempt proceedings. Linda's argument fails because *Marburger* is distinguishable from the instant case. There was no evidence that the wife in *Marburger* had either notice or actual knowledge of the bankruptcy proceedings. In this case, there is sufficient evidence to conclude Linda had actual notice of the bankruptcy proceedings, and therefore may not rely on the fact that the hold harmless provision was not listed on the petition to prevent the obligation from being discharged.

Finally, the trial court correctly ruled that, because the hold harmless provision constituted a property settlement award, it may not be enforced through contempt proceedings. Property settlement agreements incorporated into a final decree of dissolution may not be enforced by contempt citation. *Coleman v. Coleman* (1989) Ind. App., 539 N.E.2d 34, 35. However, contempt is always available to assist in the enforcement of child support, at least with respect to

unemancipated children. *Pettit v. Pettit* (1993) Ind., 626 N.E.2d 444, 447. Therefore, Indiana case law is clear that while support awards contained in a divorce decree may be enforced by contempt citation, property awards may not.[4]

We affirm the decision of the trial court.

FRIEDLANDER and KIRSCH, JJ., concur.

---

4. We note with disapproval the all-inclusive nature of *DeBoer v. DeBoer* (1996) Ind.App., 669 N.E.2d 415, 425, *trans. denied,* and *Kirchoff v. Kirchoff* (1993) Ind.App., 619 N.E.2d 592, 596, which remarked that: "*All* orders contained in a dissolution decree may be enforced by contempt or any other remedies available for enforcement of a court order." (Emphasis supplied).