William T. COWART, Appellant–
Petitioner,

v.

Cathy Jo (Cowart) WHITE,
Appellee–Respondent.

No. 29A02–9803–CV–275.

Court of Appeals of Indiana.

Aug. 31, 1998.

Nancy G. Endsley, Landman & Beatty, Indianapolis, for Appellant–Petitioner.

Eric J. Benner, Richards, Boje, Pickering, Benner & Becker, Noblesville, for Appellee–Respondent.

## OPINION

BAKER, Judge.

Appellant-petitioner William T. Cowart (Tom) appeals from a 1997 trial court order which found him in contempt of the 1996 dissolution decree ending his marriage to Cathy Cowart. Tom maintains that the court improperly modified a final judgment. He claims that the court order is contrary to law in denying him the protection he had been granted under the federal Bankruptcy Code. He argues that the court improperly exercised its contempt powers. Finally, he contests the court's requirement that he pay Cathy's attorney fees.

### FACTS

The pertinent facts are not, for the most part, in dispute. Tom and Cathy Cowart were married on February 10, 1973. Tom subsequently filed for divorce, and the trial

court issued a final dissolution decree on October 7, 1996. Tom was given physical custody of the only child of the marriage, and Cathy was ordered to pay support. The Cowarts owned four pieces of real estate, and the decree awarded one piece to each. The real estate awarded to Tom was the marital residence. The court designated the two remaining pieces of property to be sold and the proceeds to be distributed as follows: $35,000 to Cathy "to equalize distribution" and the balance divided with Tom receiving forty percent (40%) and Cathy receiving sixty percent (60%).

On February 14, 1997, Tom filed bankruptcy under 11 U.S.C. Chapter 7. No dischargeability complaint pertaining to the dissolution was filed in the bankruptcy proceedings. However, on April 9, 1997, Cathy filed with the trial court a Motion to Modify the Dissolution Decree and a Motion for Rule to Show Cause requesting that the court find Tom in contempt of the dissolution decree, alleging that Tom had allowed the real estate of the marriage to run down in an attempt to reduce the amount she would receive from the sales, and had failed to pay taxes and insurance on the properties.

The court denied Cathy's Motion to Modify the Dissolution Decree, but it found Tom in contempt for failure to abide by orders of the court as set forth in the decree, for allowing the real estate in his control to fall into disrepair, and for failing to pay real estate taxes and mortgage payments, causing economic hardship to Cathy. It found that his obligations under the decree were "in the nature of support and maintenance." Thus, it found the obligations were not dischargeable in bankruptcy and ordered Tom to compensate Cathy for the losses she sustained. This entailed awarding to Cathy the marital residence previously awarded to Tom, recalculating the worth of the properties involved, ordering a cash payment from Tom, and payment of Cathy's attorney fees. Tom now appeals.

## DISCUSSION AND DECISION

### I. Modification of Final Judgment

■ Tom first contends that the trial court impermissibly amended and modified a final judgment, under the guise of its contempt power, in the 1997 Order. When a trial court enters final judgment, it loses jurisdiction over that judgment. On this matter, the court recently wrote: "A final judgment disposes of the subject matter of litigation as to the parties so far as the court in which the action is pending has the power to dispose of it." *Hubbard v. Hubbard,* 690 N.E.2d 1219, 1221 (Ind.Ct.App.1998). The trial court had thirty days or until a party made a motion to correct error within the time provided by the trial rules (30 days) to amend or modify its judgment. Ind. Trial Rules 52(B) and 59(C). Particularly in dissolution, this court has noted, there is a strong policy preference for finality of property division. *Dusenberry v. Dusenberry,* 625 N.E.2d 458, 461 (Ind.Ct.App.1993).

■ In the instant case, the trial court denied Cathy's Motion to Modify the Dissolution Decree, but in its contempt order, it reevaluated and redistributed property. Record at 21, 23, 150, 152–53; 21, 25, 150, 152; 152–53. It entered a new monetary judgment against Tom which exceeded that ordered in the dissolution decree. R. at 24–28. The 1997 order of the trial court comes well outside the time limits of Trial Rules 52(B) and 59(C). Because Cathy did not timely file a motion to correct errors, we find that the trial court impermissibly modified a final judgment in its contempt order.

### II. Effect of Bankruptcy Filing

■ Tom next contends that the 1997 Order was contrary to law because it denied him the protection he was granted under federal bankruptcy law. A person who files for bankruptcy is protected from liability for discharged obligations by the discharge injunction of the Bankruptcy Code, 11 U.S.C. § 524(a)(2), which provides:

(a) a discharge in a case under this title ... (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor....

There are two methods available to the non-debtor spouse for keeping control over property in a post-dissolution bankruptcy. One is to request relief from stay so as to take control of the property. 11 U.S.C. § 362(a) and (d). The second method involves petitioning the bankruptcy court to make the obligations in the dissolution decree nondischargeable. The Bankruptcy Code provides that certain debts are nondischargeable. These include debts:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a ... divorce decree ... but not to the extent that ... such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support;

11 U.S.C. § 523(a)(5). The Code also includes in nondischargeable debts those:

> not of the kind described in paragraph (5) that [are] incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record....

11 U.S.C. § 523(a)(15).

■ Thus, under bankruptcy law, debts in the nature of alimony, maintenance and support are never dischargeable. However, other debts incurred in connection with a divorce are only nondischargeable where the nondebtor spouse files a timely claim in bankruptcy court under 11 U.S.C. § 523(c)(1), which provides that:

> the debtor shall be discharged from a debt of a kind specified in paragraph ... (15) [debt incurred in divorce other than one for alimony, maintenance or support], of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge ...

Bankruptcy Rules further provide that:

> [a] complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to section 341(a).

Bankruptcy Rule 4007(c).

■ Case law recognizes the effect of the bankruptcy statute: under 11 U.S.C. § 523(a)(15), "property settlements are no longer automatically discharged in bankruptcy unless the sixty-day statute of limitations under F.R. Bkrtcy. P. Rule 4007(c) has passed." *See In re Butler*, 186 B.R. 371, 372–73 (Bankr.D.Vt.1995), cited in *Woodward v. Woodward*, 691 N.E.2d 1318, 1320–21 (Ind. Ct.App.1998). Failure to file in timely fashion will result in an otherwise nondischargeable obligation being discharged by the bankruptcy court. *See Merritt v. Merritt*, 693 N.E.2d 1320, 1322 (Ind.Ct.App.1998).

In the instant case, Cathy could have requested relief from stay under 11 U.S.C. § 362(a) and (d). She could have then prevented a tax sale and sold the real estate herself. Alternatively, Cathy could have made complaint to the bankruptcy court to determine the dischargeability of Tom's obligations to her under 11 U.S.C. § 523(a)(15). However, Cathy failed to file a complaint, as required by 11 U.S.C. § 523(c)(1), within the deadline of Bankruptcy Rule 4007(c). Thus, the bankruptcy court properly made Tom's obligations dischargeable.

■ The trial court in its 1997 Order found that Tom's obligations to Cathy were not dischargeable in bankruptcy because they were "in the nature of support and maintenance." R. at 149–50. Such obligations are nondischargeable under bankruptcy law, as outlined above. 11 U.S.C. § 523(a)(5). However, we find no language in the final divorce decree to suggest that any of the obligations Tom had toward Cathy, *inter alia* payments of taxes due and delinquent on real estate, reimbursement of marital debt paid by Cathy during pendency of the dissolution action, and repayment of real estate appraisals paid by Cathy, were in the nature of support or maintenance. R. at 25, 28. Only Cathy was ordered to pay support for their minor child. R. at 19–20. In deciding whether the trial court decision was contrary to law, our standard is to determine whether the trial court erred in its

application of the law. *Trook v. Lafayette Bank and Trust Company,* 581 N.E.2d 941 (Ind.Ct.App.1991), *trans. denied.* We hold that the trial court's action is contrary to law because it denied Tom the protection he received under the Bankruptcy Code's discharge injunction. 11 U.S.C. § 524(a)(2).

### III. Exercise of Contempt Power

Tom contends that the court improperly exercised its contempt powers when it found Tom in contempt of the dissolution decree and as a remedy enforced a money judgment upon him. Money judgments are not enforceable by contempt unless they constitute a money judgment for past due child support. *See Pettit v. Pettit,* 626 N.E.2d 444, 447 (Ind.1993) (though contempt is available to assist in enforcement of child support, the general rule remains that money judgements are not enforceable by contempt). In addition, the failure to pay a monetary obligation discharged by bankruptcy does not justify a finding of contempt. *White v. White,* 666 N.E.2d 459, 460 (Ind.Ct.App.1996).

In this case, according to the plain language of the dissolution decree, Tom was not paying child support. Furthermore, when Tom filed bankruptcy, the debts he incurred in the divorce were discharged. We find that the court improperly exercised its contempt power against Tom.

### IV. Attorney Fees

■ Finally, Tom contests the court's order that he pay Cathy's attorney fees, specifically arguing that the actions leading to the court order were without merit. The trial court has broad discretion in awarding attorney fees. *See* Reese v. Reese, 671 N.E.2d 187, 193 (Ind.Ct.App.1996), *trans denied.* This court will only reverse a trial court award where the award is clearly against the logic and effect of the facts and circumstances before the courts. *Id.* In matters pertaining to dissolution, the factors to consider in awarding attorney fees include the parties' resources, economic condition, and ability to earn adequate income. *See Shively v. Shively,* 680 N.E.2d 877, 883 (Ind. Ct.App.1997). There is no statutory requirement that the person awarded attorney fees

prevail in the action. *See Cavazzi v. Cavazzi,* 597 N.E.2d 1289, 1294 (Ind.Ct.App.1992). In addition, this court has found that the trial court has the inherent power to award attorney fees for contempt. *See Crowl v. Berryhill,* 678 N.E.2d 828, 831 (Ind.Ct.App.1997).

■ Given our reversal of the contempt finding in this case, we remand the matter of attorney fees to the trial court. We invite the court to consider the merits of awarding attorney fees in this post-dissolution matter, in conformance with the principals set out above.

### CONCLUSION

We may appreciate Cathy's frustration and the court's action to allay that frustration. However, while the equities in this case lie with Cathy, the law lies with Tom. For all of the reasons set out above, we find reversible error in the trial court's conclusions. The trial court impermissibly altered a final judgment, improperly used its contempt power, and issued an order in violation of the discharge injunction of the Bankruptcy Code. We remand the question of the attorney fee award.

Judgment reversed in part, remanded in part.

DARDEN and BAILEY, JJ., concur.