Dennis CAREY, Appellant–Respondent,

v.

Rebecca CAREY, Appellee–Petitioner.

No. 34A02–9911–CV–784.

Court of Appeals of Indiana.

July 31, 2000.

Mark A. Dabrowski, Dabrowski & Huston, Kokomo, Indiana, Attorney for Appellant.

Donald J. Bolinger, Kokomo, Indiana, Attorney for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Dennis Carey ("Dennis") appeals the trial court's order finding his obligations under the hold harmless provision of a dis-

1. We note confusion in the record as to the actual filing date. Dennis states that he filed for bankruptcy on November 12, 1998, Rebecca states that he filed on November 11, 1998,

solution decree non-dischargeable in bankruptcy.

We reverse.

### ISSUE

Dennis raises one issue for our review, which we restate as whether the trial court had jurisdiction to determine the dischargeability of a hold harmless provision in the nature of a property settlement debt under 11 U.S.C. § 523(a)(15).

### FACTS AND PROCEDURAL HISTORY

Pursuant to a September 4, 1998 decree dissolving his marriage to Rebecca Carey ("Rebecca"), Dennis was ordered to pay a Citibank Visa debt in the amount of $7,464.52, a debt with Kokomo Accounts in the amount of $872.07, and Rebecca's attorney's fees in the amount of $1,500.00. He was further ordered to hold Rebecca harmless from the indebtedness with respect to those accounts. On November 2,[1] 1998, Dennis instituted Chapter 7 bankruptcy proceedings, and Rebecca received notice of the date set for a creditors' meeting and the deadline for filing a complaint to determine dischargeability of the listed debts. On November 30, 1998, Rebecca filed an "Emergency Petition to Determine the Nature of the Dissolution Obligations" with the trial court. The court thereafter issued an order finding that it had jurisdiction to determine the dischargeability of Dennis' obligations under the dissolution decree.

The trial court subsequently held a hearing on Rebecca's petition. It found that Dennis' obligations to pay and hold Rebecca harmless on the marital debts at issue was not non-dischargeable "maintenance and support" pursuant to 11 U.S.C. § 523(a)(5) but was in the nature of a "property settlement debt" and was, therefore, excepted from bankruptcy discharge

and the trial court states that he filed on November 2, 1998. The record does not include a copy of Dennis' bankruptcy petition.

pursuant to § 523(a)(15). Dennis now appeals.

### DISCUSSION AND DECISION

 It is well-settled that property settlements in dissolution actions are not automatically dischargeable in bankruptcy. *Merritt v. Merritt*, 693 N.E.2d 1320, 1322 (Ind.Ct.App.1998), *trans. denied; Woodward v. Woodward*, 691 N.E.2d 1318, 1321 (Ind.Ct.App.1998). Pursuant to 11 U.S.C. § 523(a)(15), property awards contained in a divorce decree are non-dischargeable unless a *bankruptcy court* finds that (1) the debtor/spouse has no ability to pay the debt; or (2) a discharge would result in a benefit to the debtor/spouse that outweighs the harm to a creditor/spouse. *Merritt*, 693 N.E.2d at 1322–23. A creditor/spouse seeking to enforce a hold harmless provision under § 523(a)(15) must, however, file a timely complaint with the bankruptcy court, provided the creditor/spouse had timely notice or actual knowledge of the bankruptcy proceedings. *Id.* at 1323; Fed. Bankr.P. Rule 4007.[2] Failure to file a timely complaint will result in the discharge of the hold harmless provision. *Merritt*, 693 N.E.2d at 1323.

 While a trial court has concurrent jurisdiction with the bankruptcy court to determine what debts constitute non-dischargeable "maintenance or support" obligations pursuant to 11 U.S.C. § 523(a)(5), *Cowart v. White*, 711 N.E.2d 523, 528 (Ind.1999), *on rehearing*, 716 N.E.2d 401 (Ind.1999), federal courts have exclusive jurisdiction to determine whether discharge is appropriate under § 523(a)(15). *In Re Smither*, 194 B.R. 102, 106 (Bankr.W.D.Ky.1996); *Collins v. Hesson*, 190 B.R. 229, 236 (Bankr.D.Md. 1995); *see also Woodward v. Woodward*, 691 N.E.2d 1318 (Ind.Ct.App.1998) (remanded to determine whether creditor timely filed complaint and whether bankruptcy court ruled on dischargeability). Here, while the trial court properly exercised its jurisdiction to determine whether the hold harmless clause at issue was non-dischargeable "maintenance or support" under § 523(a)(5), the court erred when it purported to exercise jurisdiction to determine whether the property settlement was exempt from discharge under § 523(a)(15).[3] Because the trial court lacked jurisdiction to make a determination under § 523(a)(15), we reverse its judgment that the hold harmless provision of the dissolution decree was non-dischargeable.

Reversed.

FRIEDLANDER, J., and MATHIAS, J., concur.

---

**2.** Rule 4007 provides, in relevant part:
A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002.

**3.** Rebecca never filed a complaint with the bankruptcy court pursuant to Rule 4007, which resulted in the discharge of Dennis' liability to her with respect to the debts in question. *See Merritt*, 693 N.E.2d at 1323. She does not contend that her failure to file a complaint was due to inadequate notice of the bankruptcy proceedings. Indeed, she filed her "Emergency Petition to Determine the Nature of the Dissolution Obligations" because she knew that she had to file a complaint within 60 days of the December 18, 1998 creditors' meeting. Apparently, Rebecca was under the mistaken belief that she could avoid having to file with the bankruptcy court by petitioning the trial court to determine dischargeability.