**In re: The Marriage of Glen STROHMIER, Appellant–Respondent,**

v.

**Vivian STROHMIER, Appellee–Petitioner.**

No. 24A05–0505–CV–248.

Court of Appeals of Indiana.

Dec. 20, 2005.

Leanna Weissmann, Lawrenceburg, for Appellant.

Douglas R. Denmure, Aurora, for Appellee.

## OPINION

MATHIAS, Judge.

Appellant Glen Strohmier ("Husband") appeals the Franklin Circuit Court's order revising the property division portion of a 1991 divorce decree between Husband and his ex-wife, Vivian Strohmier ("Wife"), the Appellee in this case. We are presented with one issue for review, which we restate as: whether, 14 years later, the trial court had authority to reform the parties' initial divorce decree due to Husband's interim discharge in bankruptcy. Concluding that the trial court did not have authority to grant Wife's requested relief, we reverse and remand.

## Facts and Procedural History

On January 27, 1988, Wife filed for divorce from Husband. A dissolution decree was entered three years later, on January 31, 1991. Appellant's App. p. 5. There were no marital debts and the sole asset to be divided was the marital residence. In its order of dissolution, the trial court ordered the "residence real estate should be the separate property of ... Glen Strohmier[.]" *Id.* Additionally, the court awarded Wife a judgment against Husband in the amount of $30,000. The conveyance of title to the residence was not conditioned on payment of Wife's judgment.

On June 26, 1991, Wife petitioned the trial court for enforcement of the decree, alleging that the $30,000 judgment remained unpaid. Appellant's App. pp. 6–7. The trial court heard the enforcement matter on August 13, 1991, and thereafter, on October 3, 1991, issued a *nunc pro tunc* entry purporting to amend the decree to grant Wife a judicial lien against Husband's residence. Appellant's App. pp. 8–9. On November 4, 1991, Husband filed a Motion to Correct Error, contending the trial court did not have jurisdiction to grant such relief. Appellant's App. pp. 10–11. The trial court vacated its *nunc pro tunc* order on December 5, 1991. Appellant's App. p. 13.

Meanwhile, although it was not revealed to Wife or the trial court during the proceedings surrounding the *nunc pro tunc* entry, Husband had filed a Chapter 7 bankruptcy petition on July 31, 1991, with the Federal Bankruptcy Court in the U.S. District Court, Southern District of Indiana, New Albany Division. In an order dated November 25, 1991, the bankruptcy court ordered Wife's judgment lien against Husband's residence avoided. Appellant's App. p. 20. Upon learning of the bankruptcy, Wife filed a Motion for Relief from Judgment under Trial Rule 60,[1] claiming "mistake, surprise, fraud, misrepresentation, and misconduct" as a result of Husband's bankruptcy filing, contending she was entitled to modification or correction of the divorce decree. Appellant's App. pp. 14–16. On February 6, 1992, the trial court scheduled a hearing on Wife's motion to be held on April 1. However, the court, on its own motion of March 19, continued the hearing without re-scheduling it for a later date. Appellant's App. p. 2.

One year later, on November 24, 1992, Husband received a bankruptcy discharge of Wife's $30,000 judgment lien dated November 25, 1991. Husband filed his first of two Motions to Appoint Commissioner to transfer Wife's interest in the real estate to Husband. Appellant's App. pp. 18–22. Wife filed her Response on December 7, objecting to the appointment of a commissioner to make a unilateral transfer of her real estate interest to Husband in order to "prevent a gross miscarriage of justice." Appellant's App. pp. 23–24. Further, Wife renewed her request for a hearing on her Motion for Relief from Judgment filed on January 29, 1992. *Id.* Additionally, Wife recommended to the court that she and Husband continue owning the real estate as tenants in common until it could be sold, at which time each would receive cash for their equitable interests. *Id.* The trial court failed to re-schedule a hearing on Wife's pending Motion for Relief from Judgment.

Nearly eleven months later, on January 6, 1993, the trial court scheduled a hearing

---

1. Indiana Trial Rule 60 affords a party the opportunity to request relief from a judgment or order, including and among others, "(1) mistake, surprise, or excusable neglect; ... (3) fraud ... misrepresentation, or other misconduct of an adverse party [.]" Ind. Trial Rule 60(B) (2005).

on Husband's Motion to Appoint a Commissioner to be held on January 20, 1993. One week before the scheduled hearings, on January 13, Husband requested and received a continuance of the January 20 hearing. Appellant's App. p. 2. On March 4, 1993, with no hearing pending, Wife made yet another request to the trial court, filing a Petition to Modify. In her Petition to Modify, Wife requested the following relief: (1) to the extent the dissolution decree constituted a monetary judgment in the form of a property settlement, that the same be converted to an alimony, maintenance or support judgment; (2) to the extent the monetary judgment in her favor was not a properly dischargeable obligation of Husband, that Husband's receipt of full title to the real estate be in exchange for Wife receiving her equitable value; and (3) to the extent the monetary judgment was a properly dischargeable obligation as a result of Husband's bankruptcy, that the real estate be awarded equally to the parties as tenants in common. Appellant's App. pp. 26–29.

More than eleven years later, and almost thirteen years after entry of the decree of dissolution, on December 9, 2004, Wife filed a motion to schedule a hearing on all pending motions. This consolidated hearing took place on February 2, 2005. That same day, Husband filed his second Motion to Appoint Commissioner to Transfer Real Estate. Appellant's App. pp. 33–39. Ultimately, on April 7, 2005, the trial court granted Wife's 1993 Petition to Modify and ordered the real estate awarded to Husband and Wife as tenants in common. Appellant's App. p. 4. Husband now appeals. Additional facts will be provided as necessary.

### Discussion and Decision

Husband maintains that the trial court improperly granted Wife's petition to modify the dissolution decree because (1) Wife failed to take action in the bankruptcy court, resulting in a lack of jurisdiction, and (2) modification was not proper under Indiana Code section 31–15–7–9.1.

As an initial matter, Husband contends that the trial court lacked jurisdiction to modify the 1991 divorce decree, maintaining that the determination of whether the debt should be discharged is left to the sole discretion of the bankruptcy court and the trial court "may not undo what the bankruptcy court has the exclusive jurisdiction to do." See Br. of Appellant at 11. We agree, to a point.

■ Under Indiana law, when a divorced person attempts to declare bankruptcy, the property settlement from the dissolution is not automatically discharged. *Carey v. Carey*, 733 N.E.2d 14, 16 (Ind.Ct. App.2000). The determination of whether the debt should be discharged is left to the sole discretion of the bankruptcy court. *Id.* (citations omitted). Creditors, including former spouses, have the right to file a complaint pursuant to Federal Bankruptcy Procedure Rule 4007 to determine whether the debt is properly dischargeable.

The $30,000 judgment in Wife's favor, pursuant to the trial court's January 31, 1991 order, was discharged on November 25, 1991, in the Southern District of Indiana Bankruptcy Court. Husband correctly asserts that Wife did not take action in the bankruptcy court to determine whether her $30,000 judgment against Husband was properly dischargeable. However, we disagree with Husband's assertion that Wife's failure to act precludes her from pursuing relief in the trial court. Wife did not ask the trial court to reverse or undo the bankruptcy court's discharge of the $30,000 judgment. Instead, Wife requested a modification of the original decree "[i]n the interest of justice," based on changed circumstances. Appellant's App. pp. 26–28.

■ We next address Husband's argument that the trial court abused its discretion when it modified the parties' original decree. "An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief." *Weppler v. Stansbury,* 694 N.E.2d 1173, 1176 (Ind.Ct.App.1998). Indiana Code section 31–15–7–9.1 provides, in relevant part, that "orders concerning property disposition entered under this chapter may not be revoked or modified, except in case of fraud." Ind.Code § 31–15–7–9.1 (1998).

We agree with Husband that Wife's Petition to Modify was inappropriate here, as Wife made no allegation of fraud. Appellant's App. pp. 26–29. Additionally, the trial court's modification order did not indicate any act of fraud by Husband. Appellant's App. p. 4. A thorough review of the record leads us to conclude that while Husband's decision to bankrupt his dissolution obligation to Wife might be morally repugnant to most Hoosiers, Husband did not commit a fraudulent act that could serve as grounds for modification of the original divorce decree. By seeking relief in the federal bankruptcy court, Husband sought the type of protection legally afforded to him under Chapter 7 of the United States Bankruptcy Code. The result that discharged Wife's $30,000 dissolution award in bankruptcy does not serve as grounds to subsequently modify the original divorce decree. Although our decision places Wife in the unfortunate position of taking nothing away from the parties' 1991 dissolution, Indiana statute does not permit modification of the original divorce decree absent fraud.

Under these facts and circumstances, we find that the trial court abused its discretion in modifying the parties' original divorce decree. Accordingly, we reverse and remand for proceedings consistent with this opinion.

BAKER, J., concurs.

RILEY, J., concurs in result.